**GULF HOLDING CORPORATION,**
Appellant,

v.

**BRAZORIA COUNTY et al., Appellees.**

No. 728.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

July 11, 1973.

Rehearing Denied Aug. 1, 1973.

Michael R. Waller, Childs, Fortenbach, Beck & Guyton, Houston, for appellant.

Ogden Bass, Dist. Atty., James W. Bradford, Jr., Angleton, John L. Hill, Atty. Gen., Harold G. Kennedy, Asst. Atty. Gen., Austin, for appellees.

COULSON, Justice.

This is an appeal from an Amended Order For Temporary Injunction entered by the District Court of Brazoria County. The defendant, Gulf Holding Corporation, was temporarily enjoined from obstructing public use of San Luis Beach.

The plaintiff, Brazoria County, contended that on June 19, 1972, the defendant, claiming under a deed to a 36.15 acre tract of land, erected a barrier on the public beach on the eastern end of San Luis Island on the Brazoria County side of the water passage known as San Luis Pass preventing the public from the unrestricted right of ingress and egress to and from said public beach which was a part of said 36.15 acre tract. The petition requested and the district court granted a temporary restraining order restraining the defendant from interfering with the removal of the barrier and from erecting any other barrier on such public beach. Upon the granting of the restraining order, the plaintiff's employees removed the barrier. A barrier did not exist at the time of the hearing on application for temporary injunction.

The plaintiff contended that such barrier constituted a violation of Article 5415d, Tex.Rev.Civ.Stat.Ann. (1962), the "Open Beach Act".

The plaintiff also contended that the public had the right to the unobstructed use of said beach by prescriptive easement.

On June 29, 1972, the State of Texas intervened and adopted the plaintiff's original petition, asserting authority under Article 5415d, the "Open Beach Act". The State of Texas, in addition, asserted an implied common law dedication to public use of San Luis Beach and an easement for public use by prescription of San Luis Beach which dedication and easement, the State of Texas contended, justified the injunctive relief, requested, independent of the authority of the "Open Beach Act".

On July 10, 1972, Gulf Holding Corporation filed Defendant's Plea in Abatement, Special Exceptions and First Amended Answer contending that its 36.15 acre tract is not within the purview of the "Open Beach Act" for the reason that the defendant's land is situated along and adjacent to the bodies of water known as San Luis Pass and Cold Pass, which waters the defendant contends are not a part of the Gulf of Mexico, as such body of water is defined in Texas law, and that defendant's land in nowise fronts on or abuts the waters of the Gulf of Mexico.

Hearing on the application for temporary injunction began July 10, 1972. The court granted the temporary injunction as requested. On September 15, 1972, the court entered an "Amended Order For Temporary Injunction" from which this appeal is perfected.

The amended order for temporary injunction states as grounds, among other things, that the defendant erected a barricade preventing free and unrestricted public use of the San Luis Beach area; that Brazoria County had performed maintenance in the San Luis Beach area; that the Brazoria County Sheriff's Department had patrolled the San Luis Beach area; that Article 5415d, Tex.Rev.Civ.Stat.Ann. (1962) applies to San Luis Beach; that plaintiff and intervenor pursuant to Article 5415d were entitled to the injunctive relief

granted; that, pending final hearing, both the public and the defendant's customers were to have free access to San Luis Beach; and that the temporary injunction was granted without prejudice to any theories of law which the parties to the suit might urge upon trial on the merits.

The appellant asserts as point of error no. 1:

"THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING INJUNCTIVE RELIEF PREDICATED ENTIRELY UPON ARTICLE 5415d WHICH BY ITS CLEAR TERMS IS INAPPLICABLE TO THE DISPUTED AREA."

Since the appeal by Gulf Holding Corporation, primarily, is based on its contention that the "Open Beach Act" does not apply to the sandy beach bordering the waters of San Luis Pass, it is necessary that Article 5415d, Tex.Rev.Civ.Stat.Ann. (1962) be examined. The Texas "Open Beach Act" is comparatively long, therefore, only the following portions, which are especially pertinent, will be quoted, to-wit:

Art. 5415d. State beaches; right of public to free and unrestricted use and enjoyment

### Declaration of policy

Section 1. It is hereby declared and affirmed to be the public policy of this state that the public, individually and collectively, shall have the free and unrestricted right of ingress and egress to and from the state-owned beaches bordering on the seaward shore of the Gulf of Mexico, or such larger area extending from the line of mean low tide to the line of vegetation bordering on the Gulf of Mexico, in the event the public has acquired a right of use or easement to or over such area by prescription, dedication, or has retained a right by virtue of continuous right in the public.

It shall be an offense against the public policy of this state for any person, firm, corporation, association or other legal entity to create, erect or construct any obstruction, barrier, or restraint of any nature whatsoever which would interfere with the free and unrestricted right of the public, individually and collectively, to enter or to leave any state-owned beach bordering on the seaward shore of the Gulf of Mexico, or such larger area, extending from the line of mean low tide to the line of vegetation bordering on the Gulf of Mexico, in the event the public has acquired a right of use or easement to or over such area by prescription, dedication, or has retained a right by virtue of continuous right in the public.

.    .    .    .    .    .

### Construction of term "public beaches"

Sec. 4. Nothing herein shall in any way reduce, limit, construct (sic) or vitiate the definition of public beaches as defined from time immemorial in law and custom.

### Injunction; protection of rights of ingress and egress

Sec. 5. The Attorney General, any County Attorney, District Attorney, or Criminal District Attorney of the State of Texas is hereby authorized and empowered, and it shall be his, or their duty to file in the District Court of Travis County, Texas, or the county wherein such property is situated, actions seeking either temporary or permanent court orders or injunctions to remove any obstruction or barrier, or prohibit any restraint or interference, restricting the right of the public, individually or collectively, to free and unrestricted ingress and egress to and from the state-owned beaches, or such larger area, extending from the line of mean low tide to the line of vegetation, in the event the public has acquired a right to use or easement to or over such area by prescription, dedication, or has retained a right by virtue of continuous right in

the public, or any property abutting upon or contiguous to the state-owned beach bordering on the Gulf of Mexico upon which the public has acquired a prescriptive right, and in such proceedings, the Attorney General, County Attorney, District Attorney, or Criminal District Attorney, shall also be empowered to bring an action seeking recovery of the costs of removing any obstruction or barrier if the same be removed by public authorities pursuant to any order of such court.

### Declaratory judgment suits

Sec. 6. Any littoral owner whose rights may be determined or affected by this Act shall be permitted to bring suit for a declaratory judgment against the State of Texas to try such issue or issues. Service of citation in such cases may be had by serving the Attorney General of Texas.

. . . . . . .

■ The duty of a Court of Civil Appeals in reviewing an order for temporary injunction is stated in John L. Bramlett & Company v. Hunt, 371 S.W.2d 787, 789 (Tex.Civ.App.—Dallas 1963, writ ref'd, n. r. e.) as follows:

"It is well settled that in appeals from interlocutory orders in injunction cases the narrow question is whether, the trial court abused its discretion in entering the order appealed from. Therefore, the order of a trial court in granting or in refusing to grant a temporary injunction will be reversed only when a clear abuse of discretion is shown. (Cases cited.) However, it is equally well settled that if the facts are undisputed and only questions of law are presented, it does constitute an abuse of the trial court's discretion to fail properly to apply the law to the facts. (Cases cited.)"

The district court, in hearing the application for temporary injunction in the case at bar, patiently considered volumes of testimony and examined numerous exhibits, including but not limited to, photographs of the beach, the barricade, improvements by the defendant and aerial photographs showing the San Luis Pass and the beach in question. San Luis Beach is situated on the eastern end of a peninsula which has various names including Follett Island, San Luis Island, San Luis Peninsula, Surf Side Beach and other historical names. San Luis Pass is a body of water approximately two miles in width which separates San Luis Peninsula from the western tip of Galveston Island. The tidal waters of West Bay, lying behind Galveston Island, communicate through San Luis Pass with other waters of the Gulf of Mexico. San Luis Pass is comparatively short and shallow. In about 1966 a bridge was completed joining the western end of Galveston Island to the eastern end of San Luis Peninsula. The beaches along San Luis Pass both on the western end of Galveston Island and on the eastern end of San Luis Peninsula are famous for fishing and for camping. The beaches on each side of San Luis Pass have been used by the public, in general, from time immemorial without permission obtained from any landowner and without interference from any landowner, prior to the acts of the defendant.

Beginning in 1971, the defendant caused to be constructed on the 36.15 acre tract of land on the eastern end of San Luis Peninsula a commercial camping facility known as a Kampground of America. The improvements constructed by the defendant consist, among other things, of picnic areas, a swimming pool, showers, rest rooms, a mobile home park, camp sites, a sewerage treatment plant, a bulkhead and a boat launch. All of the defendant's improvements, estimated to have cost in excess of $750,000, are situated on firm ground behind the line of vegetation.

In December of 1971, the defendant first constructed a barrier to prevent the unrestricted passage of the public, in general, into and out of that portion of San Luis Beach adjoining defendant's 36.15 acre

tract. The first barrier was immediately removed by employees of Brazoria County in December of 1971. After the removal of the first barrier, in December of 1971, conversations concerning the rights of the public to San Luis Beach were held between representatives of Brazoria County and representatives of Gulf Holding Corporation. The dispute was not resolved.

On June 19, 1972, the defendant erected a second barrier across San Luis Beach from the line of vegetation to the line of mean low tide. The barrier was connected to a fence on firm ground on the boundary of defendant's 36.15 acre tract. A gate was constructed in the barrier which gate was kept locked. A sign was posted by the defendant at the gate containing the following words:

"PRIVATE PROPERTY
NO TRESPASSING
NO LONGER AVAILABLE FOR PUBLIC USE
VIOLATORS WILL BE PROSECUTED

FOR USE OF REGISTERED GUESTS
ONLY".

Representatives of Brazoria County immediately protested the erection of the second barrier. Efforts by employees of Brazoria County to remove the second barrier were blocked by employees of Gulf Holding Corporation who positioned vehicles along the outer side of such barrier making it inaccessible to equipment necessary to remove the barrier.

The case at bar was thereafter immediately instituted by Brazoria County. The restraining order was issued by the district court resulting in the removal of the second barrier by employees of Brazoria County.

The appellant's first point of error is overruled.

■ The "Open Beach Act" establishes as policy of the State of Texas that the beaches are to be protected for use of the public, individually and collectively. Sec-

tion 4 of Article 5415d provides "Nothing herein shall in any way reduce, limit, construct (sic) or vitiate the definition of public beaches as defined from time immemorial in law and custom." It is clear that, by enacting this statute, the Legislature had no intention, in any way, to divest the public of its right to use the state's public beaches. This legislation is meant to protect that right by providing a quick and effective means by which the representatives of the public can seek removal of structures which encroach upon that right. At the same time, the statute grants to littoral owners appropriate means by which to challenge any infringement on their rights of private ownership. The aerial photographs introduced in evidence reveal that San Luis Pass is open water which is a part of the system of waters created by nature and known as the Gulf of Mexico. The beaches of San Luis Pass are beaches on the Gulf of Mexico. Compare Luttes v. State, 159 Tex. 500, 324 S. W.2d 167 (1958).

■ Dr. Jack C. Parker, a biologist and a doctor of philosophy with a degree in wild life and fishery science, testified that San Luis Beach has all of the characteristics of beaches of the Gulf of Mexico as opposed to a Bay Beach. The trial court did not abuse its discretion in entering the order appealed from. The trial court properly applied the law to the facts in the case at bar. John L. Bramlett & Company v. Hunt, supra.

■ By its second point of error, the appellant complains of the temporary restraining order allowing the plaintiff's employees to remove the barrier.

Section 5 of the "Open Beach Act" not only authorizes but imposes upon county attorneys the duty to file actions seeking court orders to remove any obstruction or barrier restricting the right of the public, individually or collectively, to free and unrestricted ingress and egress to and from the state-owned beaches. The granting of the temporary restraining order in the

form and fashion ordered in the case at bar is entirely consistent with the "Open Beach Act." See State v. Markle, 363 S. W.2d 332 (Tex.Civ.App.—Houston 1962, no writ).

■ The appellant by its third point of error, complains that the temporary injunction granted by the district court of Brazoria County preserves not the status quo ante of the litigation (barrier across San Luis Beach) but a condition created after the institution of litigation by the acts of the plaintiff under sanction of the temporary restraining order (barrier across San Luis Beach removed).

The controversy in the case at bar did not begin on June 19, 1972. The controversy began prior to erection of the defendant's first barrier in 1971. The appellant admits in its brief that at the time Gulf Holding Corporation constructed its barrier on June 19, 1972, a controversy existed between it and the plaintiff concerning whether or not the public had a right to free access to and use of San Luis Beach. Such a controversy is not permitted to be resolved unilaterally by a littoral owner by means of self help.

The Legislature in passing the "Open Beach Act" contemplated such a controversy and provided in section 6 a means to resolve same. Said section provides as follows:

"Any littoral owner whose rights may be determined or affected by this Act shall be permitted to bring suit for a declaratory judgment against the State of Texas to try such issue or issues. Service of citation in such cases may be had by serving the Attorney General of Texas."

See State v. Markle, supra. The defendant did not resort to a "Suit for Declaratory Judgment" to resolve the controversy which is the process permitted by law.

The appellant's third point of error is overruled.

■ The appellant by its fourth point of error complains that the plaintiff presented no evidence of irreparable injury and the injunction should not have been granted where the evidence shows that the defendant will suffer irreparable damages as a result of the restraints imposed upon it.

The "Open Beach Act" provides for a mandatory injunction to remove obstructions or barriers. When it is determined that a statute is being violated, it is the province and duty of the district court to restrain it, and the doctrine of balancing of equities does not apply. Ralph Williams Gulfgate Chrys. Plym., Inc. v. State, 466 S.W.2d 639 (Tex.Civ.App.—Houston (14th Dist.) 1971, writ ref'd n. r. e.); City of Corpus Christi v. Lone Star Fish & Oyster Co., 335 S.W.2d 621 (Tex.Civ.App.—San Antonio 1960, no writ). The appellant's fourth point of error is overruled.

Upon the trial of this case on the merits, the parties to the law suit will not be restricted to the provisions of Article 5415d, Tex.Rev.Civ.Stat.Ann. (1962), the "Open Beach Act", but they shall have the right to urge such theories of law both affirmatively, as to relief in the form of a permanent injunction, and defensively, opposing such permanent injunction, as they have pled or may hereafter plead. Seaway Company v. Attorney General, 375 S.W.2d 923 (Tex.Civ.App.—Houston 1964, writ ref'd n. r. e.); Luttes v. State, supra; Dinkins, Texas Seashore Boundary Law: The Effect of Natural and Artificial Modifications, 10 Hous.L.Rev. 43 (1972).

All points of error asserted by the appellant have been considered and are overruled.

This Court affirms the judgment of the trial court in granting the temporary restraining order and in granting the amended order for temporary injunction.