

# The Attorney General of Texas

December 28, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable William W. Day
Criminal District Attorney
Calhoun County
Port Lavaca, Texas 77979

Opinion No. H-1310

Re: Whether a commissioners court may grant a permit to close a beach which the public has used over a long period of time.

Dear Mr. Day:

You inquire about the authority of any person to block off a beach, or any portion thereof, which has been used by the public without interference for approximately 65 years. You state that the landowner acquired the property in 1912 and never formally dedicated it to the public. Your brief indicates that neither the landowner nor his heirs, if any, have attempted to prevent public use of the area. The commissioners court recently gave the Chamber of Commerce a permit authorizing it to hold a festival on the beach. The Chamber of Commerce charged admission to a portion of the beach during the festival.

You ask whether the owner impliedly dedicated the beach to the public, and whether the public acquired a prescriptive right or easement to use it as a public beach. Whether or not the public has acquired rights in a beach by dedication or prescription is a fact question, which cannot be resolved in the opinion process. See Seaway Co. v. Attorney General, 375 S.W.2d 923 (Tex. Civ. App. — Houston 1964, writ ref'd n.r.e.) (discussion of evidence to establish public rights in beach through dedication or prescription). See generally Comment, The Texas Open Beaches Act: Public Rights to Beach Access, 28 Baylor L. Rev. 383 (1976).

You next ask whether the commissioners court may permit any person or organization to close this beach. Even if the beach has been dedicated to the public, we find no statute authorizing the commissioners court to issue a permit for the purposes you state. The commissioners court may exercise only those powers conferred by the constitution and statutes. Canales v. Laughlin, 214 S.W.2d 451 (Tex. 1948). Consequently, it has no authority to

permit exclusive use of a beach by any person or organization. See Zachry v. City of San Antonio, 305 S.W.2d 558 (Tex. 1957) (where land has been dedicated for park, city cannot authorize inconsistent use as long as public uses it for park). But see V.T.C.S., Nat. Resources Code § 61.022.

You ask whether an individual or organization may take possession of the beach and charge admission to other persons. The individuals or organizations you inquire about do not assert ownership of the beach; hence, their right to use the beach depends upon the public having rights in it and is the same right enjoyed in common with other members of the public. They may not obstruct public access to a beach in which the public has acquired rights or otherwise divert it from the purposes for which it was dedicated. See, e.g., Zachry v. City of San Antonio, supra; Clement v. City of Paris, 175 S.W. 672 (Tex. 1915); Kalteyer v. Sullivan, 46 S.W. 288 (Tex. Civ. App. 1898, writ ref'd.).

You finally ask whether the commissioners court has authority to prevent vehicular traffic from using this beach. Section 61.122 of the Natural Resources Code provides in part:

> The commissioners court of a county bordering on the Gulf of Mexico or its tidewater limits, by order, may regulate motor vehicle traffic on any beach within the boundaries of the county. . . .

However, the definition of "beach" has been taken from the Open Beach provisions, Nat. Resources Code §§ 61.001 - 61.024. See Nat. Resources Code §§ 61.012, 61.121. " '[B]each' means state-owned beaches to which the public has a right of ingress and egress bordering on the seaward shore of the Gulf of Mexico . . . if the public has acquired a right of use or easement to or over the area. . . ." Nat. Resources Code § 61.012. You state in your brief that the beach you inquire about does not fit within the statutory definition since it does not border on the Gulf of Mexico. Assuming that this interpretation is correct, the commissioners court would have no authority under section 61.122 to regulate traffic on the beach you inquire about. But see Gulf Holding Corp. v. Brazoria County, 497 S.W.2d 614 (Tex. Civ. App. — Houston [14th Dist.] 1973, writ ref'd n.r.e.) (treating as fact issue whether beach which did not front on Gulf was actually a Gulf beach). We find no other statute authorizing the commissioners court to establish traffic regulations for this type of beaches. See V.T.C.S. art. 6701d-21, § 1 (establishing speed limit on beaches defined to include the shore adjacent to the inlets and bays of the Gulf); Attorney General Opinion V-429 (1947). Consequently, it would probably be held that the commissioners court has no authority to prevent vehicular traffic from using this bay front beach.

## S U M M A R Y

Whether the public has acquired rights in a beach by implied dedication or prescription is a fact question. The commissioners court has no authority to permit exclusive use of a beach by any person, whether the beach has been dedicated to the public or remains under private ownership. The court

has authority to regulate motor vehicle traffic on a beach as defined by section 61.012 of the Natural Resources Code but would probably be held to have no authority to regulate traffic on other beaches.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn