TOWN OF PALM VALLEY,
Texas, Appellant,

v.

Paul JOHNSON and The Johnson Company d/b/a J Properties,
Appellees.

No. 13–98–287–CV.

Court of Appeals of Texas,
Corpus Christi.

March 31, 2000.

Rehearing Overruled May 25, 2000.

Robert C. Sheline, Gibbon, Gibbon & Sheline, Harlingen, for appellant.

Paul Johnson, Harlingen, pro se.

## OPINION

Justice YAÑEZ delivered the opinion of the Court, in which Justices DORSEY, HINOJOSA, and McCRAW[1] joined.

Appellant, the Town of Palm Valley ("Palm Valley"), appeals a judgment granting declaratory and injunctive relief in favor of appellees, Paul Johnson and The Johnson Company d/b/a J Properties ("Johnson"). Following a trial, the court granted judgment permanently enjoining Palm Valley from closing, obstructing, or otherwise denying public access to Lemon Drive, a public street located within the town's boundaries. By fourteen issues, Palm Valley contends the trial court erred in: (1) granting the injunction because Johnson failed to establish he had suffered irreparable injury; (2) concluding that Johnson's property abuts Lemon Drive; and (3) concluding that the entire length of Lemon Drive as originally platted was accepted as a public street, that no portion of it was ever abandoned, and that there was no failure of any conditional limitation in the original dedication. We affirm.

A subdivision plat for Palm Valley Estates Unit number nine, a residential subdivision developed as one of a series of units in a country club complex near Harlingen, was approved by Cameron County and filed for record on August 14, 1972. The plat shows residential lots and streets, including Lemon Drive, which extends southward approximately three hundred feet from Palm Valley Drive West to the southern boundary of the subdivision. The plat states that the developer "hereby dedicate[s] the Roads, Streets, and drives as shown and delineated hereon to the public so long as the same shall be used and maintained as such." The plat shows five lots with frontage along Lemon Drive, which "dead-ends" into the southern boundary line of the property. Lemon Drive was subsequently paved, except for a four-foot section at its southern end.

Palm Valley was incorporated on September 11, 1980. Unit number nine was included in the incorporation, which made the southern boundary of the subdivision coterminous with the southern boundary of the town.

Pursuant to a request from residents along Lemon Drive, Palm Valley's Board of Aldermen voted on June 16, 1987 to close Lemon Drive at its southern end and erect a barricade. Apparently, however, no barricade was erected at that time.

---

1. Justice John L. McCraw, Jr. assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. §§ 74.003, 75.002 (Vernon 1998); Tex. R.App. P. 41.2(b).

On June 25, 1990, Paul Johnson purchased a twenty-acre tract located immediately south of and contiguous to Palm Valley's southern boundary. Several weeks later, he conveyed the property to the Johnson Company d/b/a J Properties and hired an engineering firm to design a residential subdivision on the property. The firm designed a proposed subdivision, Palm Valley South, which showed a street called Lemon Drive connecting to the existing Lemon Drive. Johnson requested access from Palm Valley to the existing Lemon Drive for his proposed subdivision. In response, the Board of Aldermen voted on October 9, 1990 to erect a barricade and fence at the southern end of Lemon Drive. Approximately a month later, Palm Valley completed construction of a fence along its southern boundary and across the southern end of Lemon Drive.

In a letter dated October 14, 1991, the City of Harlingen advised Palm Valley that Johnson's proposed subdivision plat had been approved, subject to a requirement that Lemon Drive be continued into the subdivision from the southern boundary of Unit number nine.[2] The letter also noted that although the City of Harlingen was aware of Palm Valley's claim that it had closed Lemon Drive, it "ha[d] not received any notice that the Town of Palm Valley's Board of Aldermen has taken proper legal action to close, abandon, and vacate Lemon Drive as a public thoroughfare." On November 19, 1991, the Board of Aldermen adopted an ordinance purportedly "closing" Lemon Drive "one or two feet inside the southern boundary" and declaring it to be a cul-de-sac. Shortly thereafter, appellees filed suit seeking injunctive relief.

Almost two years later, on November 5, 1993, Palm Valley re-platted the four-foot unpaved strip at the south end of Lemon Drive, declaring that the re-platted portion was "no longer a part of the platted road and street right-of-way," and had "devolved in accordance with the dedication provisions of the original plat of said Unit No. 9." The certificate on the re-plat acknowledged that "said replatted portion was, prior to this replat, a portion of previously platted road and street right-of-way."

Appellees' suit for declaratory and injunctive relief was tried to the court on May 11, 1995. Following a lengthy recess,[3] the trial court issued findings of fact and conclusions of law and granted a declaratory judgment and permanent injunction in favor of appellees. The relevant findings and conclusions were:

* As originally platted, Lemon Drive extends to and touches the southern boundary line of Palm Valley Estates Unit No. 9, which became the southern city limit of the Town of Palm Valley.

* Although not all the platted right of way was paved, Lemon Drive was opened and maintained as a public street from its original dedication through the date of this suit.

* The public right of way known as Lemon Drive extends to and touches the southernmost boundary of Palm Valley Estates Unit No. 9 and the Town of Palm Valley city limits.

* The Johnson property abuts the public street known as Lemon Drive within the Town of Palm Valley, Texas.

* Neither Johnson nor any predecessor or successor in interest to the Johnson

---

**2.** The letter, signed by the City of Harlingen's Director of Planning and Zoning, noted that Johnson's proposed subdivision was located within Harlingen's extra-territorial jurisdiction and was therefore governed by the requirements of the City's subdivision ordinance, which required continuation of existing streets into adjoining new subdivisions where necessary. In this case, the city's Planning and Zoning Commission had determined that the extension of Lemon Drive was required to promote orderly development, facilitate traffic flow, and provide improved access for fire and emergency medical vehicles.

**3.** The trial was recessed on May 12, 1995, and reconvened on September 22, 1997.

property consented to the closure of said street.

* On May 8, 1991, the City of Harlingen approved the Johnson's subdivision, known as Palm Valley South Subdivision, with the condition that Lemon Drive be continued as a through street from Palm Valley Estates Unit No. 9 to Palm Valley South Subdivision.

* The action of the Town of Palm Valley has denied the owners of the Johnson property access to the public street and right of way known as Lemon Drive.

* The Town of Palm Valley has never initiated or completed a condemnation suit against the owners of the Johnson property regarding Lemon Drive.

* For purposes of the application of TEX.REV.CIV. STAT. ANN. ART. 1016 [repealed, now TEX. TRANSP. CODE. ANN. § 311.008 (Vernon 1999)], Palm Valley South Subdivision abuts Lemon Drive in the Town of Palm Valley, Texas.

* [That statute] requires consent of all owners of real property abutting a public street to consent to the closing of such a street.

* Any and all ordinances, resolutions, or other acts taken by the Board of Alderman [sic] of the Town of Palm Valley which purports to close, vacate, or abandon Lemon Drive are null and void because such acts were taken without the consent of the Plaintiff's [sic] in this suit as owners of property abutting said public street.

* The entire length of Lemon Drive as originally platted in Palm Valley Estates Unit No. 9 was accepted, opened, and maintained as a public street.

* No portion of Lemon Drive in the Town of Palm Valley has ever been abandoned.

* There was no failure of any conditional limitation in the original dedication of Lemon Drive in Palm Valley Estates, Unit No. 9, and, even if there was, such failure has been waived or such condi-

tional limitation was unenforceable by this defendant.

* Plaintiff's [sic] are entitled to a permanent injunction enjoining the Town of Palm Valley from erecting or creating any barrier, or taking any other action to vacate, abandon, or close Lemon Drive in the Town of Palm Valley, Texas....

In its eighth, eleventh, and fourteenth issues, Palm Valley contends Johnson was not entitled to an injunction because he failed to establish he had suffered or would suffer irreparable injury as a result of being denied access to Lemon Drive. Johnson contends no showing of irreparable injury was required because: (1) section 65.011 of the civil practices and remedies code, which lists various grounds for obtaining injunctive relief, does not require irreparable injury as an element of each situation in which relief may be granted, *see* TEX. CIV. PRAC. & REM.CODE ANN. § 65.011 (Vernon 1997); and (2) section 65.015 of the civil practices and remedies code, which requires no showing of irreparable injury, specifically governs situations where an injunction is sought to prevent the closing of a street. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 65.015 (Vernon 1997). Section 65.015 provides:

An injunction may not be granted to stay or prevent the governing body of an incorporated city from vacating, abandoning, or closing a street or alley except on the suit of a person:

(1) who is the owner or lessee of real property abutting the part of the street or alley vacated, abandoned, or closed; and

(2) whose damages have neither been ascertained and paid in a condemnation suit by the city nor released.

*Id.*

■ The grant or refusal of a permanent injunction is within the trial court's sound discretion and, on appeal, review of the trial court's action is limited to the question of whether the action constituted

a clear abuse of discretion. *Long Island Owner's Ass'n, Inc. v. Davidson*, 965 S.W.2d 674, 689 (Tex.App.—Corpus Christi 1998, pet. denied) (citing *State v. Texas Pet Foods, Inc.*, 591 S.W.2d 800, 803 (Tex.1979)).

Section 65.011 describes five separate and independent bases for granting injunctive relief. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 65.011 (Vernon 1997). Paragraph one of that section provides that an injunction may be granted if "the applicant is entitled to the relief demanded and all or part of the relief requires the restraint of some act prejudicial to the applicant[.]" TEX. CIV. PRAC. & REM.CODE ANN. § 65.011(1) (Vernon 1997). In *Hale County v. Davis*, 572 S.W.2d 63, 66 (Tex.Civ. App.—Amarillo 1978, writ ref'd n.r.e.), the court relied on former Texas Revised Civil Statute Annotated article 4642, section 1, repealed, now TEX. CIV. PRAC. & REM.CODE ANN. § 65.011(1) (Vernon 1997), in upholding an injunction enjoining non-property owners from using a portion of a county road within property owners' boundaries to install pipelines for the nonowners' private use. The court held the right to injunctive relief was authorized by the statute and that the equitable principles—that the property owners had an adequate remedy at law, failed to show irreparable harm, and that the balance of equities preponderated in the nonowners' favor—were inapplicable. *See Hale County*, 572 S.W.2d at 66.

■ Johnson's argument that no showing of irreparable injury is required is also supported by the principle that equitable requirements for obtaining an injunction are inapplicable when a right to injunctive relief is granted by statute or when an injunction is granted to prevent the violation of a statute. *Texas Pet Foods, Inc.*, 591 S.W.2d at 805; *Gulf Holding Corp. v. Brazoria County*, 497 S.W.2d 614, 619 (Tex.Civ.App.—Houston [14th Dist.] 1973, writ ref'd n.r.e.) ("[w]hen it is determined that a statute is being violated, it is the province and duty of the district court to

restrain it, and the doctrine of balancing of equities does not apply").

In the present case, the trial court concluded that former Texas Revised Civil Statute Annotated article 1016, repealed, now TEX. TRANSP. CODE ANN. § 311.008 (Vernon 1999), requires all abutting property owners to consent to the closing of a public street. It further concluded that because any action by Palm Valley purportedly vacating or closing Lemon Drive was taken without obtaining Johnson's consent, any such action is void. Section 311.008 of the transportation code provides:

> The governing body of a general-law municipality by ordinance may vacate, abandon, or close a street or alley of the municipality if a petition signed *by all the owners of real property abutting the street* or alley is submitted to the governing body.

TEX. TRANSP. CODE. ANN. § 311.008 (Vernon 1999) (emphasis supplied).

Although the issue of whether land that touches the *end* of a public road "abuts" the road has not been specifically addressed by Texas courts, this Court has previously held "abut" to mean "to touch along a border or with a projecting part, (land abuts on the road); to terminate at a point of contact; to border on; touch." *J.U. Clements v. City of Corpus Christi*, 471 S.W.2d 83, 86 (Tex.Civ.App.—Corpus Christi 1971, writ ref'd n.r.e.) (quoting Webster's Seventh New Collegiate Dictionary).

■ Here, the trial court found, as a conclusion of law, that "[f]or purposes of the application of TEX.REV.CIV. STAT. ANN. Art. 1016 [repealed, now TEX. TRANSP. CODE. ANN. § 311.008 (Vernon 1999)], Palm Valley South Subdivision abuts Lemon Drive in the Town of Palm Valley, Texas." The evidence presented at trial supports the trial court's conclusion. We hold Johnson's property abuts Lemon Drive and that he is entitled to all rights of an abutting property owner, including ac-

cess to Lemon Drive. We overrule appellant's first, second, third, seventh, and thirteenth issues.

■ We also conclude that Palm Valley's action purportedly closing or vacating a portion of Lemon Drive was taken without Johnson's consent and is therefore void. We hold section 311.008 of the transportation code, together with section 65.015 of the civil practices and remedies code, provides sufficient statutory authority for the injunctive relief granted by the trial court, and accordingly, overrule appellant's eighth, eleventh, and fourteenth issues.

By its fourth, fifth, sixth, ninth, and tenth issues, Palm Valley argues that the four-foot unpaved section at the southern end of Lemon Drive: (1) was never accepted (issues four, nine, and ten); (2) reverted to private ownership because of a conditional limitation in the original dedication (issue five); or (3) was abandoned (issue six). In response, Johnson argues that all of Lemon Drive was accepted as a public roadway, that there was no reversion of any portion of it due to a failure of a conditional limitation in the original dedication, and that no portion of the roadway was abandoned.

■ Palm Valley contends there is no evidence that either Cameron County or Palm Valley ever accepted Lemon Drive. Palm Valley's position is based on the argument that because the four-foot section of Lemon Drive was never paved, it was never accepted as a public roadway. Palm Valley cites no authority in support of this proposition, and we have found none. The general rule governing partial acceptance of a dedicated street in such circumstances is as follows:

> ... the opening up of a dedicated street for the greater part of its length by a municipality constitutes an acceptance of the whole of the street as dedicated, in the absence of anything to show a contrary intent. The fact that a portion of the street is not capable of being trav-

eled does not militate against the idea of acceptance.

26 C.J.S. *Dedication* § 41 (1956) (footnotes omitted); *see also Joseph v. City of Austin,* 101 S.W.2d 381, 386 (Tex.Civ. App.—Austin 1936, writ ref'd) (where lots were purchased in reference to plat showing sixty-foot street, entire sixty-foot width vested in public and no showing of formal acceptance was required, even though only thirty-foot wide section of street was paved). We hold the entire length of Lemon Drive as originally platted was accepted as a public street and overrule appellant's fourth, ninth, and tenth issues.

■ Palm Valley also argues that the original dedication of the four-foot unpaved section "terminated" because the dedication was limited by the condition that the streets "be used and maintained as such." Again, Palm Valley cites us to no case law in support of its position and we have found none. " 'Dedication' is the act of appropriating private land to the public for any general or public use. Once dedicated, the owner of the land reserves no rights that are incompatible with the full enjoyment of the public." *Scott v. Cannon,* 959 S.W.2d 712, 718 (Tex.App.— Austin 1998, pet. denied.) Where a condition in a dedication is void as against public policy or as inconsistent with the grant, the dedication is effective but the condition is inoperative. *City of Fort Worth v. Ryan Properties, Inc.,* 284 S.W.2d 211, 214 (Tex.Civ.App.—Fort Worth 1955, no writ). Whether a dedicated use is restricted or unrestricted is determined by the intention of the dedicator at the time the dedication was made. *Pak–Mor Manufacturing Company v. Brown,* 364 S.W.2d 89, 93 (Tex.Civ.App.—San Antonio 1962, writ ref'd n.r.e). In the present case, we conclude it is unlikely that the original dedicator intended to create a dedication in which a four-foot strip of land would revert. Even if such an intent did exist, any such conditional limitation on the dedication is inconsistent with the grant and is therefore inoperative. We hold the trial

court did not abuse its discretion in concluding that there was no failure of any conditional limitation in the original dedication. We overrule appellant's fifth issue.

By its sixth issue, Palm Valley argues that the four-foot unpaved section of Lemon Drive was abandoned. In support, it points to evidence that the four-foot strip could not be used as part of the street because it was obstructed by brush, grass, and palm trimmings. "In order for a public road to be considered abandoned, its use for the purpose for which it was dedicated must be either impossible or so improbable as to be practically impossible." *Spinuzzi v. Town of Corinth,* 665 S.W.2d 530, 533–34 (Tex.App.—Fort Worth 1983, no writ). Mere delay in the exercise of the use for which property was dedicated does not amount to an abandonment of the use. *City of Houston v. Lawyers Trust Co.,* 348 S.W.2d 26, 31 (Tex.Civ. App.—Waco 1961), *rev'd on other grounds,* 359 S.W.2d 887 (Tex.1962). Moreover, the use and improvement of only a part of the dedicated property does not constitute an abandonment of the balance of the property. *Id.* We hold the trial court did not err in concluding that no portion of Lemon Drive has ever been abandoned. We overrule appellant's sixth issue.

By its twelfth issue, Palm Valley complains that Johnson's petition for injunctive relief failed to contain a verification as required by rule 682. *See* Tex.R. Civ. P. 682. A verified petition for injunctive relief is not required, however, when a full evidentiary hearing on evidence independent of the petition has been held. *Georgiades v. Di Ferrante,* 871 S.W.2d 878, 882 (Tex.App.—Houston [14th Dist.] 1994, writ denied). We overrule appellant's twelfth issue.

The dissent contends Johnson is not entitled to injunctive relief because there is no evidence to support a finding of irreparable injury, and that such a finding is required by section 65.011 of the civil practices and remedies code. According to the dissent, an applicant seeking an injunction preventing street closure must not only state a valid cause of action *and* show imminent harm and irreparable injury, but in addition, must meet the requirements imposed by section 65.015.

The dissent argues that Johnson's reliance on *Dykes v. City of Houston,* 406 S.W.2d 176 (Tex.1966), to show irreparable injury was not required, is misplaced. In *Dykes,* the supreme court upheld an injunction prohibiting the City of Houston from erecting a barricade on a dedicated (but unopened) street on the grounds that the plaintiffs, as purchasers of lots in the subdivision with reference to a map showing a dedicated street, acquired an easement in the land designated as a street. *See Dykes,* 406 S.W.2d at 181–83. The court's opinion contains no discussion or reference to a requirement to show irreparable injury. The dissent distinguishes *Dykes* by noting that in the present case, Johnson's property lies *outside* the boundaries of the subdivision (and the town). The dissent reasons that Johnson, unlike the purchasers in *Dykes,* acquired no easement over Lemon Drive. The dissent cites no authority, however, for its conclusion that *only* purchasers of property *within* Palm Valley Estates Unit number nine, who purchased property with reference to the plat showing Lemon Drive, acquired a private easement over the area designated as Lemon Drive. The evidence shows Johnson purchased his property "with reference to" the recorded subdivision plat showing Lemon Drive as a public street.

Although our holding that Johnson was not required to show irreparable injury is not based on the holding in *Dykes,* we disagree with the dissent's interpretation of that opinion. A private easement in a street may be acquired either as a purchaser in a subdivision with reference to a recorded plat or map, like the plaintiffs in *Dykes, see, e.g., Dallas Cotton Mills v. Industrial Co.,* 296 S.W. 503, 504 (Tex. Comm'n App.1927, judgm't adopted), *or* as an abutting property own-

er. *See Jacobs v. City of Denison,* 251 S.W.2d 804, 807 (Tex.Civ.App.—Dallas 1952, no writ) (no private easement acquired where plaintiff was neither abutting property owner nor purchaser with reference to recorded map or plat); *Texas Co. v. Texarkana Mach. Shops,* 1 S.W.2d 928, 930 (Tex.Civ.App.–Texarkana 1928, no writ) (abutting property owner has right of easement in street). In *Texarkana Machine Shops,* the court upheld an injunction in favor of an abutting property owner compelling the removal of certain obstructions placed on a public street. *Id.* at 932. The court found that the abutting owner's rights were not extinguished by the city's passage of an ordinance declaring the street vacated. *Id.* at 931.

We AFFIRM the judgment of the trial court.

Dissenting Opinion by Chief Justice SEERDEN, joined by Justices CHAVEZ and RODRIGUEZ.

SEERDEN, Chief Justice, dissenting.

I disagree with the majority's holding that Johnson was not required to show irreparable injury as a prerequisite to his obtaining the injunction he seeks. This conclusion runs contrary to the well-settled law of this state. To be entitled to permanent injunctive relief, the movant must plead and prove a valid cause of action against the defendant. *Valenzuela v. Aquino,* 853 S.W.2d 512, 513 (Tex.1993); *Operation Rescue–Nat'l v. Planned Parenthood of Houston and S.E. Texas, Inc.,* 937 S.W.2d 60, 71 (Tex.App.—Houston [14th Dist.] 1996), *aff'd,* 975 S.W.2d 546 (Tex.1998). In addition, he must also show that harm is imminent. *Operation Rescue,* 937 S.W.2d at 72. Finally, he must establish that the imminent harm will result in an irreparable injury if the injunction is not issued. *Id.* Such injury may be found where a later award of damages will not provide adequate compensation for the harm suffered. *Houston Fed'n of Teachers, Local 2415 v. Houston Indep. Sch. Dist.,* 730 S.W.2d 644, 646 (Tex.1987).

Johnson did not allege irreparable injury resulting from the barricade on Lemon Drive. In addition, the court did not set out an express finding or conclusion that such injury would result without the injunction. This court may nevertheless deem findings where the trial court has issued an order and the existing findings are silent on an indispensable issue. *Sun Coast Resources, Inc. v. Cooper,* 967 S.W.2d 525, 529 (Tex.App.—Houston [1st Dist.] 1998, pet. dism'd w.o.j.). However, such a presumed finding must be raised by the pleadings and supported by the evidence. *Id.*

At trial, Johnson testified that he desired to have Lemon Drive opened so that those who purchased homes in Palm Valley South subdivision would be able to have easy access to the Palm Valley Country Club. However, he also testified that he had already developed the property and that ingress and egress to and from the development was possible via Stuart Place Drive, a public roadway abutting both his property and the Town of Palm Valley on the west. He presented no other evidence of imminent harm or irreparable injury without the injunction. Accordingly, I would conclude that there is no evidence in the record to support the deemed finding of irreparable injury necessary to support an injunction.

Johnson contends, and the majority conclude, that a showing of irreparable injury is not necessary to support the injunction here because it was issued pursuant to section 65.015 of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 65.015 (Vernon 1998). That section provides:

An injunction may not be granted to stay or prevent the governing body of an incorporated city from vacating, abandoning, or closing a street or alley except on the suit of a person:

(a) who is the owner or lessee of real property abutting the part of the

street or alley vacated, abandoned, or closed; and

(b) whose damages have neither been ascertained and paid in a condemnation suit by the city nor released.

*Id.* Johnson suggests that the more specific language of section 65.015 controls the more general authority to grant injunctions found in section 65.011, which states, in pertinent part:

A writ of injunction may be granted if:
(3) the applicant is entitled to a writ of injunction under the principles of equity and the statutes of this state relating to injunctions; [or]....
(5) irreparable injury to real or personal property is threatened irrespective of any remedy at law.

TEX. CIV. PRAC. & REM.CODE ANN. § 65.011 (Vernon 1998). In short, Johnson asserts that section 65.015 comprehensively sets out the elements that entitle a person to injunctive relief from road closures. I disagree. The clear language of that section indicates that section 65.015 serves to impose two additional requirements upon an applicant. In other words, an applicant seeking an injunction preventing street closure must not only state a valid cause of action, show imminent harm and irreparable injury, he must also own abutting land and retain some ability to enjoin the closure (either because he has not been compensated or has not yet released his claim).

Johnson points to *Dykes v. City of Houston*, 406 S.W.2d 176 (Tex.1966), to further his argument that no showing of injury is required. In *Dykes*, a landowner sought a mandatory injunction to prohibit the City of Houston from placing a barricade across a public street. The barricade was erected to prevent vehicle traffic from entering an undeveloped area of the dedicated street. The supreme court upheld the injunction, noting that the case presented a "conflict between a private interest and the public welfare." In short, the court's opinion was rooted in the fact that the abutting landowners had acquired

their property in a subdivision in which the plat dedicated private easements over the public road thereby entitling them to enjoin the City's attempted closure. *See* Acts of 1930, 41st Leg., 5th C.S., ch. 84, 1930 Tex. Gen. Laws 257 (amended 1985) (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 65.015 (Vernon 1997)). The focal point of the court's analysis was its conclusion that the petitioners had purchased property in a subdivision and acquired private easement rights over the dedicated public road by virtue of having bought lots "with reference to a front or rear on that street." *Dykes*, 406 S.W.2d at 181 (citing *Oswald v. Grenet*, 22 Tex. 94, 100 (1858)). This easement gave the purchasers "the right to have such street ... kept open." *Id.* (quoting *Wolf v. Brass*, 72 Tex. 133, 12 S.W. 159, 160 (1888)).

I find nothing in this record to indicate that Johnson has acquired such an easement. The plat records introduced into evidence indicate that Johnson's property is immediately south of the Town and the maps show that the northern border of Johnson's property is contiguous with a portion of the southern border of the Town. Unlike in *Dykes*, where the petitioners bought their property within the subdivision containing the closed street, here, Johnson's property is located entirely outside of the Palm Valley subdivision (which is now the Town of Palm Valley). Thus, I would conclude that Johnson has not acquired a private easement over Lemon Drive within the Town of Palm Valley. This distinction makes *Dykes* inapposite to the present case.

Johnson similarly argues that where a statute is being violated, the equitable requirements for obtaining an injunction do not apply. *See Gulf Holding Corp. v. Brazoria County*, 497 S.W.2d 614, 619 (Tex. Civ.App.—Houston [14th Dist.] 1973, writ ref'd n.r.e.). In *Gulf Holding*, the court found that the "Open Beach Act" provided for a mandatory injunction to remove obstructions or barriers restricting access to

beaches. *Id.* (citing VERNON ANN. CIV. STAT. art. 5415d (repealed, now TEX. NAT. RES.CODE ANN. § 61.001, et seq.)). Section five of that act, as then codified, stated:

> The Attorney General, any County Attorney, District Attorney, or Criminal District Attorney of the State of Texas is hereby authorized and empowered, and it shall be his, or their *duty* to file ... actions seeking either temporary or permanent court orders or injunctions to remove any obstruction or barrier, or prohibit any restraint or interference, restricting the right of the public ... to free and unrestricted ingress and egress to and from the state-owned beaches....

*Id.* (emphasis added). I find no similar language in the statutes governing street closures. Injunction is an appropriate remedy to stop street closure, but without a private easement, I believe that Johnson must also comply with the civil practice and remedies code, which places additional limitations on those who seek injunctive relief.

Because Johnson has not demonstrated an entitlement to injunctive relief because he has not shown irreparable injury, I would dissolve the injunction, reverse the trial court's judgment and remand the cause for further proceedings. For these reasons, I respectfully dissent.

Justices CHAVEZ and RODRIGUEZ join in the dissent.