LAZARUS KUPELIAN, Respondent, v. FREDERICK W. ANDREWS, Appellant.

Streets — parks — parkways — definition of and distinction between the terms "park" and "parkway" as applied to parklike spaces in or between streets — negligence — collision between automobile being driven to left-hand side of "park" between street and truck — when such "park" not a "parkway" within meaning of statute (General Highway Traffic Law [Cons. Laws, ch. 70], § 11, subd. 7), so that driving to left of such "park" is a violation of said statute.

1. The terms "park" and "parkway" are not synonymous. A "parkway" includes a comparatively narrow strip of land lying within the borders, and a part, of a single street withdrawn from travel and ordinary street uses and devoted to ornamental purposes and perhaps in a small degree to those of rest and recreation; but a "park" is a detached tract of land, generally of sizable proportions, devoted to purposes of ornamentation and recreation, bounded or approached by streets or highways, of which it is no part, and not devoted to purposes of travel.

2. A detached strip of land over one hundred feet wide extending the length of a city block, laid out, ornamented and used in the manner usual with municipal parks, known for a long time as a "park" and bounded upon each one of its four sides by what is known and designated as a separate street and not within the boundaries, or a part, of any one of them or devoted to purposes of travel is not a "parkway" within the meaning of the statute (General Highway Traffic Law [Cons. Laws, ch. 70], § 11, subd. 7) which provides that "on an avenue, street or boulevard and divided longitudinally by a *parkway*, walk, space for street surface cars, * * * parking space or other similar obstructions, vehicles shall keep to the right of such division."

3. Defendant was driving an automobile westerly through a street bounding one side of the "park" in question. When he came to the easterly end of the park, where the street swerved and passed upon the northerly or right-hand side thereof and another street branched off and passed to the southerly or left-hand side of the "park," defendant, instead of keeping to the right and passing upon the northerly side of the "park," bore to the left and passed upon the southerly side thereof and in so doing collided with a truck driven by plaintiff, causing injuries for which plaintiff seeks damages. *Held*,

that the word " parkway " as used in the statute (General Highway Traffic Law, § 11, subd. 7) does not apply to such a situation as is presented by the park in question; hence, it was error for the trial court to permit the jury to say that the act of defendant in bearing to the left as he came to the park contributed to the occurrence of the accident and that it was wrongful because in violation of the statute.

*Kupelian* v. *Andrews*, 194 App. Div. 980, reversed.

(Argued March 9, 1922; decided April 18, 1922.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 8, 1920, unanimously affirming a judgment in favor of plaintiff entered upon a verdict.

*Joseph B. Murphy* for appellant. This judgment should be reversed, because of the errors committed by the trial justice in his charge to the jury, and upon his refusals to charge, as requested by the defendant Andrews, in reference to certain provisions of the Highway Traffic Law and the ordinances of the city of Syracuse. (*Winchell* v. *Town of Camillus*, 100 App. Div. 341; 190 N. Y. 536; *Guildi* v. *Personni*, 128 N. Y. Supp. 683; *Schweitzer* v. *Hamburg-American Line*, 149 App. Div. 900; *Benton* v. *Wickwire*, 54 N. Y. 226; *Matter of Green*, 153 N. Y. 223; *People ex rel. McNeile* v. *Glynn*, 128 App. Div. 260; *Hartigan* v. *Casualty Co.*, 227 N. Y. 175; *Poel* v. *Brunswick-Balke-Collender Co.*, 216 N. Y. 310; *Shevlin* v. *Schneider*, 193 App. Div. 107.)

*James G. Tracy* for respondent. The submission to the jury of the question whether under the evidence East Genesee street is a street divided longitudinally by a parkway within the meaning of subdivision 7 of section 11 of article 2 of the General Highway Traffic Law was proper as it was submitted and there was no error that calls for a reversal. (*Irwin* v. *Simon*, 181 App. Div.

93; 170 App. Div. 811; *Scott* v. *International Paper Co.,*
204 N. Y. 49; *Hooper* v. *Edwards,* 18 Ala. 280; *Stewart*
v. *Davis,* 31 Ark. 518; *Edgerton* v. *State,* 67 Ind. 588;
*Ungerescht* v. *State,* 119 Ind. 379; *Com.* v. *Harrison,* 11
Gray, 309; *Smith* v. *Boston R. R. Co.,* 120 Mass. 493;
*State* v. *Knight,* 29 W. Va. 340.)

HISCOCK, Ch. J.    The plaintiff has recovered a judg-
ment awarding him damages for personal injuries suffered
as the result of a collision between a motor truck and an
automobile being driven by the defendant.    It is unneces-
sary to state all of the details of the collision which
resulted in plaintiff's injuries for we deem it necessary
to consider only one feature of the accident.

Defendant was driving westerly upon Genesee street
in the city of Syracuse.    Proceeding thus he came to the
easterly end of what is known as Forman Park, and at
that point Genesee street swerved and passed upon the
northerly or right-hand side of this tract as defendant
was traveling while another street, known as Jefferson
street, branched off from Genesee street and passed
around the southerly or left-hand side of it.    Defendant,
instead of keeping to the right and passing upon the
northerly side, bore to the left and passed upon the
southerly side and thus came to the point of collision and
accident.    Over objections and exceptions which we
think present the question notwithstanding the unanimous
affirmance, the trial court permitted the jury to say
that the act of defendant in bearing to the left as he
came to the park contributed to the occurrence of the
accident and that it was wrongful because in violation of
subdivision 7 of section 11 of the General Highway
Traffic Law (Cons. Laws, ch. 70), which provides: "On
an avenue, street or boulevard divided longitudinally by
a *parkway,* walk, space for street surface cars, viaduct,
zone of safety, cab stand, parking space or other similar
obstructions, vehicles shall keep to the right of such divi-

sion." We are thus presented with the question whether this space known as Forman Park was a parkway, within the meaning of this statute so as to require defendant to bear to the right and to make his conduct in bearing to the left wrongful. It is of course essential to a decision of this question that we should first understand its character and surroundings.

It is known as a " park " — Forman Park. It has existed for a long time and is 116 feet broad by about 530 feet long, extending the full length of a city block. Apparently it is laid out, ornamented and used in the manner usual with municipal parks. It is bounded upon each one of its four sides by what is known and designated as a separate street and so far as appears was not within the boundaries or a part of any one of 'them. While viewed simply in its physical aspects at that point, Genesee street upon which defendant approached might be regarded as dividing at the easterly end of the park into two streets, one of which passed upon one side and the other upon the other side, no such street formation occurred at the westerly end of the park. At that end Genesee and Jefferson did not again come together or unite in a single street but each was continued on as a separate street and they were joined only by a cross street of some considerable length.

Tested by these conditions we think that Forman Park was an ordinary municipal park and that it was not permissible to allow a jury to say that it was a parkway under the statute which has been quoted. The terms " park " and " parkway " are not synonymous. While each may include certain common features of ornamentation or recreation the respective definitions of the two words as a whole are clearly distinguishable.

In ordinary contemplation we think of a park as a detached tract of land generally of quite sizable proportions devoted to purposes of ornamentation and recreation, bounded or approached by streets or highways of which

it is no part, and not devoted to purposes of travel. Webster defines it as " A piece of ground in * * * a city · * * * enclosed and kept for ornament and recreation," and the Century Dictionary defines it as " A tract of land set apart and maintained for public use and laid out, planted and ornamented in such a way as to furnish pleasure to the eye as well as opportunity for open air recreation." This conception and these definitions are entirely applicable to Forman Park so far as its character and location are described in the evidence and the arguments which have been addressed to us.

A parkway, as we ordinarily observe it, includes a comparatively narrow strip of land, lying within the borders, and a part of a single street, withdrawn from travel and ordinary street uses and devoted to ornamental purposes and perhaps in a small degree to those of rest and recreation. It is defined in the Century Dictionary as " A street of special width which is given a parklike appearance by planting its sides or centers or both with grass, shade trees and flowers. It is intended for recreation and for street purposes. In short a parkway is essentially a boulevard giving to the term its modern meaning." Webster's definition of a parkway is " A broad thoroughfare beautified with trees and turf."

These definitions are not observed with entire accuracy in the statute which we have quoted. That speaks of " an avenue, street or boulevard divided longitudinally by a parkway," thereby seeming to recognize as the parkway only the ornamental part of the street, whereas the term properly means the entire street including the parkway. Under either conception, however, the essential and decisive fact is that a parkway exists when we have a single entire street of which a part is devoted to ordinary purposes of travel and a part to ornamental or recreation purposes. The two portions together constitute a single, entire way which has some of the characteristics of a park.

These definitions cannot by any process of reasonable interpretation be applied to the physical situation and conditions which were presented by Forman Park. That large space of land surrounded by four streets cannot be regarded in the words of the statute as a parkway longitudinally dividing a street. It is attempted to make the statute fit by the argument that the character of a parkway is not to be destroyed because the street on one side of the ornamental space is called by one name and on the other by another name. It perhaps may be conceded that if a strip of land was taken out of a single street or thoroughfare for ornamental purposes a parkway might be created even though the traveled thoroughfare on each side was known by a different name, but the argument here made is more narrow in its view of all of the facts existing in this case than is the interpretation of the statute which it criticises. As we have pointed out, Forman Park is not a street or boulevard or a space dividing a street or thoroughfare but it is a separate space bounded by and no part of the streets which are made entirely separate and distinct not only by name but by their location and use. Unless we are to interpret this statute as meaning that wherever an ordinary park is bounded on either side by a separate and complete street or highway we have a parkway and the traveler must take the one which goes to the right and cannot consult ordinary purposes of convenience by taking the one which goes to the left, it did not apply to the situation presented in this case and it was an error to permit the jury to say that it did.

The view that the word " parkway " as used in this statute did not apply to such a situation as was presented by Forman Park is fortified by the other words which are associated with it in the statute. In this requirement that vehicles shall pass to the right around certain obstructions we find a parkway coupled with a " walk, space for street surface cars, viaduct, zone of safety, cab

stand, parking space or other similar obstructions.'' These terms and their respective uses are made entirely familiar by common experience. They all indicate a comparatively small strip withdrawn from the ordinary purposes of travel to which a street is devoted and dedicated to special uses. Such dedication to special purposes divides the street, narrows the space devoted to purposes of travel and, therefore, makes it desirable with the purpose of avoiding collisions that vehicles going in opposite directions should pass upon opposite sides of the obstructions. The statute in its entire conception and purpose is inapplicable to a case of separate and distinct streets. While traffic laws and rules intended to promote safety of travel in crowded cities ought to be so construed as to accomplish their fair and legitimate purposes they ought not to be given an interpretation which would be opposed to common experience and make them an unnatural and unjustifiable burden upon travel. We think that the interpretation claimed by plaintiff for the statute in question would effect such a result and that, therefore, it should not be given.

The judgments appealed from should be reversed and a new trial granted, with costs to abide event.

HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgments reversed, etc.