**CITY OF FORT WORTH, Appellant,**

v.

**RYAN PROPERTIES, Inc., Appellee.**
**No. 15647.**

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 28, 1955.

R. E. Rouer, S. G. Johndroe, Jr., G. Gordon Whitman, Robert R. Goodrich, June R. Welch and John Gano, Fort Worth, for appellant.

James & Conner and Charles C. Frazier, Fort Worth, for appellee.

RENFRO, Justice.

The City of Fort Worth brought suit in a district court of Tarrant County against Ryan Properties, Inc., praying for a declaratory judgment, in which it asked, in substance, for a decree declaring it had the right to remove certain ornamental stone columns at the intersections of (a) Elizabeth Boulevard and Eighth Avenue, (b) Elizabeth Boulevard and College Avenue, and (c) Sixth Avenue and West Jessamine Street, all within the city limits of the City of Fort Worth.

Prior thereto, on the 30th of June, 1954, the City Council of the City of Fort Worth had passed a resolution declaring said structures to be public nuisances per se and directing the City Manager to cause said structures to be removed.

In March of 1911, John C. Ryan Land Company, predecessor of appellee Ryan Properties, Inc., filed a dedication and plat of "Ryan Place." Elizabeth Boulevard and Sixth Avenue were among the dedicated streets. Elizabeth Boulevard intersects College Avenue on the east and Eighth Avenue on the west. Sixth Avenue crosses Elizabeth Boulevard and intersects Jessamine at the northern extremity of Ryan Place.

The granting clause of the dedication reads in part: "* * * John C. Ryan Land Company, * * * has subdivided and does hereby subdivide said tracts of land into blocks and lots and provide streets, alleys, sidewalks, parks, and grass plots shown on said plat of said Subdivision, * * *."

The instrument of dedication is rather long and we refer to only one other provision in it, namely, "John C. Ryan Land Company expressly reserves in itself the title in fee simple to all the land designated as Blocks 'A', 'C', 'E', 'F', 'H', 'J', 'K', 'L', 'M', 'N', 'S', 'T', 'V', 'W', 'Z', and 'Y' on said plat and further expressly reserves in itselves the right to erect and maintain on the street parks between the streets and sidewalks and on the grass plots between the sidewalks and lot lines ornamental columns at the entrances * * *."

The rectangular lettered Blocks A (6 x 10 feet in size) and C (10 x 26 feet) are on the south side of Elizabeth Boulevard at its

intersection with College, and Blocks E (10 x 26 feet) and F (6 x 10 feet) are on the north side of Elizabeth Boulevard at the same intersection. Blocks L and K and J and H correspond to the above blocks in size and position and are at the intersection of Elizabeth Boulevard and Eighth Avenue.

There are no "reserved" blocks at the intersection of Sixth Avenue and Jessamine.

At each of the intersections heretofore mentioned, appellee's predecessor erected stone or concrete columns. Tall columns were erected at the intersection of Elizabeth Boulevard and College on Blocks C and E, and at the intersection of Eighth Avenue on Blocks K and J, which were between 14 feet and 25 feet in length and from 20 feet to 25 feet in height. Similar columns were erected at the intersection of Sixth Avenue and Jessamine. Smaller columns, varying in height up to 4 feet or more, were located on Blocks A and F on the College end of Elizabeth Boulevard and on Blocks L and H on the Eighth Avenue end of Elizabeth Boulevard, and at Sixth Avenue and Jessamine.

The filed plat shows Elizabeth Boulevard to be 95 feet in width, of which 35 feet is shown as a paved section thereof. On each side of the paved portion of the street is shown a 20 foot wide parkway, with a 5 foot walk and a 5 foot grass plot between the parkway and the lot lines.

The plat shows Sixth Avenue with a total width of 70 feet, of which 30 feet is paved.

The trial court found the tall columns at all three intersections constitute visual and physical obstructions to the use of said streets and are a danger and a menace to the public's safety, are a public nuisance and cannot be permitted to remain; that the columns are owned by Ryan Properties, Inc., and are on real property owned by Ryan Properties, Inc. The court found that the small columns on Blocks A, F, L, and H are not nuisances, that they are owned by Ryan Properties, Inc., and must be permitted to remain; whereupon the court decreed that Ryan Properties, Inc., has a real interest in all the blocks hereinabove referred to; that

Ryan Properties, Inc., has no real interest in the property between the property lines of Sixth Avenue at its intersection with Jessamine Street, but that the low columns are not a danger and menace to the public's safety and must be permitted to remain.

Ryan Properties, Inc., has not appealed from that portion of the judgment fixing the right of the City of Fort Worth to remove the tall columns; hence, that portion of the judgment is affirmed without discussion.

The City has appealed from that portion of the judgment denying its right to remove the small columns at each intersection.

The main question to be determined is whether or not Elizabeth Boulevard as dedicated and platted extended the entire distance from its intersection with College Avenue to its intersection with Eighth Avenue as a 95 foot area dedicated to public use.

■ The right of the public to the use of the street for the purpose of travel extends to the portion set apart and used for sidewalks, as well as to the way for travel, and in short to the entire width of the street upon which the land of the lot owner abuts: Chase v. City of Oshkosh, 81 Wis. 313, 51 N.W. 560, 15 L.R.A. 553. This use, of course, includes parkways between the traveled portion of the street and the lot lines. Village of Grosse Pointe Shores v. Ayres, 254 Mich. 58, 235 N.W. 829; City of Holdenville v. Talley, 205 Okl. 693, 240 P.2d 761; Kupelian v. Andrews, 233 N.Y. 278, 135 N.E. 502.

If it was the intent of the dedicator to dedicate to public use an area 95 feet in width from the intersection of College to the intersection of Eighth Avenue, then the attempted reservation of the right to erect stone columns within the boundaries of said dedicated area was inconsistent with the rights of the City to control the streets and to protect the safety, health and convenience of the public.

The plat filed by the dedicator shows Block C extending north of the curb line of Elizabeth Boulevard. However, the curb line takes up on the east side of C and

joins with the curb line on College Avenue at a point where the curb line as shown on the east of C is even with the curb line as shown west of C.

The plat shows Block E to extend south of the curb line, with the curb line going on east and even with the curb line west of E.

Block A begins at the north line of the private lot abutting on the south line of Elizabeth Boulevard and extends slightly over what is shown on the plat as a 5 foot sidewalk.

Block F begins at the property line on the north side of Elizabeth Boulevard and extends southward slightly over what is designated a 5 foot sidewalk on the north side of Elizabeth Boulevard, while the plat shows sidewalks on both sides of the street extending to an intersection with the sidewalks on College Avenue.

Both Blocks C and E jut from the curb line toward each other, with the result that the traveled portion of Elizabeth Boulevard is reduced from 35 feet to approximately 25 feet between the columns erected on Blocks C and E.

The small columns are on Blocks A and F respectively and entirely block the "grass plots" adjacent to the sidewalk and block a small portion of the platted sidewalks.

The tall columns or extensions of same also block the 20 foot parkways adjoining the curb on each side of the street.

The same situation exists concerning the corresponding blocks at the intersection of Eighth Avenue and Elizabeth Boulevard with slight variations.

While the plat shows the sidewalks to be 5 feet, the survey shows that because of the stone columns the walk has been reduced from 5 feet between Blocks F and E on the north side of Elizabeth Boulevard to 4[6] feet, while the sidewalk on the south side between Blocks A and C is reduced to 4[59] feet. The same is true at Eighth Avenue with slight variations.

The tall columns have openings underneath to allow water to pass along the gut-ters, both at College Avenue and Eighth Avenue. The surveyor testified that the curbs along Elizabeth Boulevard passed under the columns and in a straight line on to said streets.

■ We have reached the conclusion that the dedication and plat showed an intention on the part of the dedicator to dedicate to public use an area of land 95 feet in width known as Elizabeth Boulevard and extending from the intersection of Elizabeth Boulevard at College to the intersection of Elizabeth Boulevard at Eighth Avenue. That being the intention and that being the grant made, it necessarily follows that all the ornamental stone columns, both tall and low, are wholly within the area dedicated to public use. They are surrounded by Elizabeth Boulevard. They are a part of Elizabeth Boulevard. They are, therefore, obstructions and encroachments of a public street.

■ A condition in a dedication circumscribing the future freedom of action of the authorities to devote the streets to the wants and convenience of the public is void as against public policy or as inconsistent with the grant. Where the condition in the dedication for a street is void as against public policy or as inconsistent with the grant, the dedication is effective but the condition is inoperative. Village of Grosse Pointe Shores v. Ayres, supra; Kuehn v. Village of Mahtomedi, 207 Minn. 518, 292 N.W. 187; Texas & Pacific Ry. Co. v. City of El Paso, 126 Tex. 86, 85 S.W.2d 245; West Texas Utilities Co. v. City of Spur, 5 Cir., 38 F.2d 466; Roaring Springs Town-Site Co. v. Paducah Telephone Co., 109 Tex. 452, 212 S.W. 147.

■ Since the parkways extend the entire length of Elizabeth Boulevard, the dedicator had no right to erect structures on the parkways therein for their own private use. Eidelbach v. Davis, Tex.Civ. App., 99 S.W.2d 1067. Under Article 1175, sec. 18, R.C.S., the City of Fort Worth, a home rule city has the right to control, regulate and remove all obstructions or other encroachments or encumbrances on

any public street. The attempted reservation of the right to maintain stone structures in Elizabeth Boulevard would take from the City the right to remove obstructions from the street. City of Beaumont v. Calder Place Corporation, 143 Tex. 244, 183 S.W.2d 713; Moser v. Greenland Hills Realty Co., Tex.Civ.App., 300 S.W. 177.

The City, having a legal right to the possession and control of the street, was empowered by the statute to enter upon same and remove whatever obstructions might be found there. City of Corsicana v. Zorn, 97 Tex. 317, 78 S.W. 924; Dozier v. City of Austin, Tex.Civ.App., 253 S.W. 554.

Anything placed in a street or highway of a permanent nature, like a fence, building or wall, is an obstruction and a nuisance per se if the right of the public to use the street is or will in the future be interfered with or impeded as to any part of the street. Joseph v. City of Austin, Tex.Civ.App., 101 S.W.2d 381.

We think the court was in error in holding that appellee had a real interest in the stone columns. It cannot maintain stone obstructions on a duly dedicated street, thereby depriving the City of its right and duty to control public streets. Such reservation is repugnant to a dedication of a public street.

The dedicator attempted no reservation concerning the property at the intersection of sixth Avenue and Jessamine and appellee conceded in oral argument that it had no rights in any of the columns situated at said intersection.

The judgment of the trial court declaring the right of the City to remove the tall columns is affirmed. The judgment of the trial court denying the right of the City to remove the columns on Blocks A, F, H and L (the low columns) and the low columns at the intersection of Sixth Avenue and West Jessamine Street is hereby reversed and judgment rendered declaring that the City has the right to remove said structures as obstructions of public streets.