NUMBER 13-01-176-CV

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 

 



ROY
BEATY AND 

ROSALIE BEATY,                                                                Appellants,

 

                                                   v.

 

CHARLES
MARSHALL AND 

GEORGIE HUNDL,                                                                 Appellees.

 

 



                        On appeal from the 343rd District Court

                               of San Patricio County, Texas.

 

 



                                   O P I N I O N

 

                    Before Justices Dorsey,
Yañez, and Rodriguez

                                  Opinion by
Justice Dorsey

 








This is a suit for declaratory judgment involving the
dedication of an easement for a public  roadway called Maverick Trail located
in the Whispering Oaks subdivision in Aransas Pass.  Maverick Trail ends in a cul-de-sac
approximately ten feet shy of the southern boundary line of the
subdivision.  The Beatys, appellants, own
property located south of that boundary. 
They contend that the only way to gain access to their property is by
using Maverick Trail as a through street. 
They contend that the original plat of the subdivision shows that
Maverick Trail was dedicated for public use as a through street.  Hence, they filed suit seeking declaratory
judgment declaring that Maverick Trail is a public through street.

Appellees, Charles Marshall and Georgie Hundl, own the two lots
in which Maverick Trail ends as a cul-de-sac. 
They argue that Maverick Trail was not effectively dedicated as a
through street because it has never been used as such.  They countersued for declaratory judgment
declaring that Maverick Trail is a cul-de-sac and not a through street.

Marshall and Hundl moved for summary judgment.  The Beatys responded and filed a
cross-motion.  The trial court rendered
judgment that the Beatys take nothing, assessed attorney=s fees in the
amount of $4,500.00, costs of suit, and postjudgment interest against them, and
declared that:

(1)
Maverick Trial is not a through street;

 

(2)
it ends in Marshall=s and Hundl=s lots;

 

(3)
the southwest corner of Marshall=s lot is on an
extension of the centerline of Maverick Trail;

 

(4)
the southeast corner of Hundl=s lot  is on an extension of the centerline of
Maverick Trail;

 








(5)
Maverick Trail does not extend to the southern boundary line of Whispering Oaks
Subdivision; and

 

(6)
neither party nor the public has access to Maverick
Trail from the northern boundary line of the Beaty's lot.

 

The subdivision plat, filed in 1974 by the then-owners, shows
Maverick Trail  both
as a cul-de-sac and a through street.  A
note on the plat, which refers to the portions of the cul-de-sac that would not
be used if the street were extended into a through street, states:

Note: This area reverted to lots when street is
extended.








We first test Marshall and Hundl=s summary judgment evidence to determine
whether they met their burden to establish a right to judgment as a matter of
law. See  Tex. R. Civ. P. 166a(c).  In reviewing a trial court=s grant of
summary judgment, this Court applies well-established standards.  See Tex.
R. Civ. P. 166a(c); Nixon
v. Mr. Property Management, 690 S.W.2d 546, 548‑49 (Tex.1985).  To prevail on a motion for summary judgment,
the movant must conclusively establish the absence of any genuine question of
material fact and entitlement to judgment as a matter of law.  Nixon, 690 S.W.2d at
548B49.  A movant must either prove all essential
elements of his claim, MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex.
1986), or negate at least one essential element of the non‑movant=s cause of
action.  Randall=s
Food Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995).  Once the movant has established a right to
judgment as a matter of law, the non‑movant has the burden to respond by
presenting to the trial court any issues that would preclude summary
judgment.  City of
Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979).  We hold the trial court correctly granted
judgment to Marshall and Hundl.

Marshall and Hundl attached the affidavit of Jerry Brundrett to
their motion.  Brundrett testified that
he is a professional engineer, registered professional land surveyor, and is
the County Surveyor for Aransas County. 
He performed a survey of Lot One, Block Three Whispering Oaks
Subdivision in October 1999.  He
testified that according to the original map and plat of the subdivision,
Maverick Trail ends ten feet from the southern boundary line of the subdivision.  It does not reach the southern boundary and
has never been extended into a through street. 
The summary judgment evidence also includes the affidavit of Marshall,
who stated that Maverick Trail has never been used as a through street.  We hold that this evidence is sufficient to
show that Maverick Trail has not been used as a through street, and thus, any
dedication of it as such was incomplete because it was not accepted.

We now turn to the Beatys= evidence to
determine whether they defeated the movants= right to judgment by raising a genuine
issue of material fact.  See Clear
Creek Basin Auth., 589 S.W.2d at 678.  The Beatys contend that the unambiguous terms
of the original plat of Whispering Oaks Subdivision establish, as a matter of
law, that Maverick Trail was dedicated for public use as a through street by
the original owners at the time the subdivision was platted.  We disagree. 
Rather, we hold that the note on the plat map is insufficient to
manifest the clear and unequivocal intent on the part of the landowner to
dedicate for public use the additional ten feet of Maverick Trail necessary to
extend the cul-de-sac into a through street.








Land may be dedicated for public use by an express dedication
or by implication.  Owens
v. Hockett, 251 S.W.2d 957, 958 (Tex. 1952).  AIn both
instances, there must be an appropriation of land by the owner to public uses,
in one case by express manifestation of such purpose and in the other, by some
act or course of conduct from which the law will imply such an
intent.@  Jezek v. City of Midland,
605 S.W.2d 544, 548B49 (Tex. 1980).  A dedication of private property to a public
use must be established by a declaration or act which shows a Aclear and
unequivocal intention on the part of the owner to presently set aside and
appropriate a certain part of his land for use by the public.@  Aransas County v. Reif, 532 S.W.2d
131, 134 (Tex. App.CCorpus Christi 1975, writ ref=d n.r.e.).
While an express dedication may be made by a declaration in a plat that certain
land is left open for public benefit, a mere agreement to dedicate on demand
does not constitute a dedication.  26 CJS, Dedication ' 15
(2001).  We find that the language
on the 1974 plat map falls short of being such a clear and unequivocal
intention to presently set aside and appropriate the land for Maverick Trail to
be used as a public through street. 
Thus, we treat the purported dedication as an implied dedication rather
than an express dedication.








In order to prevail on the theory of implied dedication, the
Beatys were required to prove not only a clear and unequivocal intention to
dedicate the property for public use, but also an acceptance of the
dedication.  Las Vegas Pecan &
Cattle Co. v. Zavala County, 682 S.W.2d 254, 256 (Tex. 1984) (elements
required to show implied dedication are: (1) the acts of the landowner induced
the belief that the landowner intended to dedicate the road to public use; (2)
the landowner was competent to do so; (3) the public relied on these acts and
will be served by the dedication;  and (4) there was an offer and
acceptance of the dedication).  Where the
plat map contains no express dedicatory language on its face that the streets
are to be devoted to public use, a person who claims that a street shown
thereon has been dedicated to use by the public must show some act by the owner
of the land that he clearly intended to so dedicate the land in question, and
that there has been an acceptance thereof by the public, or by the local
authorities.  See Accord Reif, 532 S.W.2d at 134-135. 
We hold the Beatys have failed to raise a fact issue with regard to
acceptance.  AThe recording
of a map or plat which shows streets or roadways thereon, without more, does
not constitute a dedication, as a matter of law, of such streets as public
roadways.@  Id. at 134.  Thus, even taking all the Beatys' summary
judgment evidence as true, they have not established a right to judgment on
grounds that the plat shows the dedication of a public easement because the
language on the platCparticularly
when it is ambiguous, as it is hereCcannot establish as a
matter of law the dedication of an easement for public use when the street has
not been used by the public in a manner consistent with the alleged
dedication.  As recently explained by the
Tyler Court of Appeals:

Recording a map or plat showing streets or
roadways does not, standing alone, constitute a dedication as a matter of law.   Dedication is a mere offer and the
filing does not constitute an acceptance of the dedication. . . . [O]ne
method of acceptance is through use by the public or local authorities. .
. .  A short period of use generally is
sufficient, as long as the use continues for such a period that it may be
inferred that the public desires to accept in perpetuity the offer of use.








Miller
v. Elliott, No. 12-01-00370-CV, 2002 WL 1698263, at *4 (Tex. App.CTyler October
7, 2002, pet. filed) (internal citations omitted).  Applying that analysis, there was no use or
other evidence of acceptance of dedication of Maverick Trail for use as a
through street.

On
the contrary, Hundl and Marshall offered evidence showing that Maverick Trail
was originally dedicated as a cul-de-sac and was never extended into a through
street.  The Beatys offered no
controverting evidence on this point. 
Thus, we hold that Hundl and Marshall established their right to
judgment as a matter of law by offering uncontroverted summary judgment
evidence showing that the land in question was never effectively dedicated for
a public roadway.  We affirm the judgment
of the trial court.

 








The Beatys cite to Town of Palm Valley v. Johnson, 17
S.W.3d 281, 287B88 (Tex. App.CCorpus Christi
2000, pet. denied), for the proposition that any condition imposed on a  dedication of property is void.  We do not read Palm Valley so
broadly.  Palm Valley involved a
street, Lemon Drive, that clearly was dedicated as a
through street in the subdivision plat.  Id. at 283B34.  The plat map showed that the street extended
to the southern boundary of the subdivision. 
Id. at 283.  The street was paved except for the four foot
section leading to the southern boundary. 
Id.  Johnson opened a
subdivision beyond the southern boundary of the subdivision in which Lemon
Drive was located, and the Town of Palm Valley sought to close that four foot
section of Lemon Drive which had never been paved.  Id. at 281.  The Town of Palm Valley argued that the fact
that the original subdivision plat included language in the dedication of the
streets and roadways indicating that they were dedicated as public roadways Aso long as the
same shall be used and maintained as such@ meant that the
portion of Lemon Drive that had not been used and maintained as a public road
to revertCthat is, it Alost@ its dedicated
status.  Id. at
283.  This Court stated:

Again, Palm
Valley cites us to no case law in support of its position and we have found
none.  A>Dedication= is the act of
appropriating private land to the public for any general or public use.  Once dedicated, the owner of the land
reserves no rights that are incompatible with the full enjoyment of the public.@  Where a condition in a dedication is void as
against public policy or as inconsistent with the grant, the dedication is
effective but the condition is inoperative. Whether a dedicated use is
restricted or unrestricted is determined by the intention of the dedicator at
the time the dedication was made.  In the
present case, we conclude it is unlikely that the original dedicator intended
to create a dedication in which a four‑foot strip of land would
revert.  Even if such an
intent did exist, any such conditional limitation on the dedication is
inconsistent with the grant and is therefore inoperative.  We hold the trial court did not abuse its
discretion in concluding that there was no failure of any conditional
limitation in the original dedication.

 

Town
of Palm Valley, 17 S.W.3d at 287B88 (internal
citations omitted).

 








The Beatys argue that because the purported grant of Maverick
Trail as a through street was conditioned upon it being extended, under
authority of the Palm Valley case, the conditional aspect of the
dedication must be stricken and the entire dedication must be given effectCthat is, we
must treat the dedication as both a dedication of the cul-de-sac and the
through street.  We disagree.  The Court in Palm Valley noted that it
was unlikely that the original dedicator of Lemon Drive intended to create a
dedication of a public street in which a four‑foot strip of land would
revert.  We agree with that
reasoning.  However, in this case, the
plat seems to clearly intend that Maverick Trail would operate as a cul-de-sac
street at the time of its dedication and was not going to be extended until
some time in the future.  Thus, it seems
likely in this case that the dedicator intended to do what he did:  make a present dedication of Maverick
Trail as a cul-de-sac and a potential future dedication of it as a
through street.  However, because of the
lack of acceptance of Maverick Trail as a through street, that dedication
ultimately failed.  Moreover, the Court
in Palm Valley noted that even if the original dedicator of Lemon Drive
intended that the dedication be limited to only portions of the street that
were actually used and maintained as a public street, Aany such
conditional limitation on the dedication is inconsistent with the grant and is
therefore inoperative.@  Id. at 287.  In this case, Maverick Trail was originally
dedicated as a cul-de-sac.  Accordingly,
maintaining it as a cul-de-sac and not a through street is not inconsistent
with the purpose of the original dedication.

Moreover, the case relied upon by this Court in Palm Valley as
authority for the proposition that a condition in a dedication that is
inconsistent with the purposes of the original dedication is void involved a
situation where the dedicator of public roads retained the right to erect and
maintain ornamental stone structures within the roadway easements that were
later found to be a public nuisance.  City
of Fort Worth v. Ryan Props., Inc., 284 S.W.2d 211, 212 (Tex. Civ. App.CFort Worth
1955, no writ).  In invalidating the
condition on the dedication, the Fort Worth Court reasoned:

The right of
the public to the use of the street for the purpose of travel extends to the
portion set apart and used for sidewalks, as well as to the way for travel, and
in short to the entire width of the street upon which the land of the lot owner
abuts.  This use, of course, includes
parkways between the traveled portion of the street and the lot lines.

 








If it was the intent of the dedicator to dedicate to public use
an area 95 feet in width from the intersection of College to the intersection
of Eighth Avenue, then the attempted reservation of the right to erect stone
columns within the boundaries of said dedicated area was inconsistent with the
rights of the City to control the streets and to protect the safety, health and
convenience of the public.

 

Ryan Props.,
Inc.
284 S.W.2d at 213.

 

While this principle is eminently reasonable when applied to a
condition in a dedication that interferes with the use of a roadway, as such,
that principle should not be extended to encompass the case at hand.  The conditional nature of the dedication of
Maverick Trail as a through street is not the same as the condition in Ryan
Properties.  The legal principle at
issue is that A[a] condition
in a dedication which limits the future freedom of action of the authorities to
devote roadways to the wants and convenience of the public is void as against
public policy or as inconsistent with the grant.@  Harlingen
Irrigation Dist. Cameron County No. 1 v. Caprock Communications Corp., 49
S.W.3d 520, 532 (Tex. App.CCorpus Christi
2001, pet. denied).  This principle is
not violated by allowing the conditional nature of the Maverick Trail
dedication to stand.  In fact, if this
principle were applied to the Maverick Trail dedication, it would more likely
render the dedication as a through street invalid, rather than the dedication
as a cul-de-sac.








All of the Beatys= remaining
arguments also are based upon the premise that Maverick Trail was effectively
dedicated for use as a through street by the 1974 plat.  Since we disagree with this premise, we
overrule all other points raised by their briefing in holding that Maverick
Trail was never effectively dedicated as a through street because such
dedication was not an express dedication, and further, it was never accepted.[1]

Finally, while not ultimately germane to the outcome of this
appeal, the trial court included an additional finding in its summary judgment
that bears explanation.  The judgment
contains a declaration that:  A[T]he purported
dedications by the Beatys, dated March 14 and April 1, 2000, are void, of no
effect, and have been rejected and rescinded by the San Patricio County
Commissioners= Court.@  This finding relates to a series of arguments
made by the parties about 
acts taken by the Beatys where they attempted to Adedicate@ the extension
of Maverick Trail by filing such dedication with the San Patricio County
Commissioner=s Court.








Marshall and Hundt argued that the Beatys do not own a
sufficient property interest to effect such a dedication. They attached to
their motion for summary judgment the affidavit of Gordon Porter, County
Commissioner for Precinct 4, San Patricio County.  Porter testified that Whispering Oaks
Subdivision is in his precinct.  He
testified that the Beatys made representations to the Commissioner=s Court which
caused it to accept a purported easement dedication from them.  They purported to dedicate an easement to
extend Maverick Trail through their property. 
However, Porter testified that the Commissioner=s Court
subsequently learned that the Beatys did not have the property interests they
purported to have, and thus, they were unable to make the dedication of an
easement extending Maverick Trail. 
Specifically, the Beatys represented to the Commissioners Court that
Maverick Trail extended to the northern boundary of their property when, in
fact, that was not the case.  Not only
did the road end ten feet short of the property line representing the southern
boundary to the subdivision, but the Beatys did not even own all of the
property upon which an extension of Maverick Trail would have to run.  Finally, Porter averred that the
Commissioner's Court rescinded the action accepting the Beatys= easement.  Attached to Porter=s affidavit
were two copies of the formal actions taken by the Commissioner=s Court
accepting and then rescinding its acceptance of the Beatys= purported
easement dedication.

The Beatys did not challenge this finding.  Accordingly, we affirm.

 

 

______________________________

J.
BONNER DORSEY,

Justice

 

Do not
publish.

Tex.
R. App. P. 47.3(b).

 

Opinion delivered and
filed

this 5th day of December,
2002.

 











[1]In
their briefing to this Court, the Beatys make an argument that the easement
must be granted by virtue of necessity. 
Because they did not raise this argument in their response to summary
judgment at the trial court level, and furthermore, did not offer any evidence
on this issue, we overrule this issue as well. 
See Clear Creek Basin, 589 S.W.2d 671, 678.