

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

---

No. 02-24-00046-CV

---

TINA COOPER, Appellant

V.

HMH LIFESTYLES, L.P. D/B/A HISTORYMAKER HOMES AND HMH
AUBURNDALE DEVELOPMENT, INC., Appellees

---

On Appeal from the 348th District Court
Tarrant County, Texas
Trial Court No. 348-330959-21

---

Before Sudderth, C.J.; Bassel and Wallach, JJ.
Memorandum Opinion by Justice Wallach

**MEMORANDUM OPINION**

In this premises liability case, Appellant Tina Cooper challenges the summary judgment granted to Appellees HMH Lifestyles, L.P. d/b/a HistoryMaker Homes (HistoryMaker) and HMH Auburndale Development, Inc. (Auburndale) in the suit that she filed after injuring herself by stepping on the lid to a water meter can (a utility hole for a water meter) and falling through it.

On Christmas Day 2020, Cooper went to her daughter's house in a subdivision that was still being developed. Cooper and her boyfriend parked in front of the lot next to her daughter's home. That lot was owned by HistoryMaker, a builder, which had not yet built a residence on the lot. When Cooper got out of her boyfriend's vehicle, she walked across a grassy area toward her daughter's home and stepped onto the water meter lid, and her foot fell through. Cooper broke her ankle.[1] Cooper sued HistoryMaker and Auburndale for premises liability and negligent activity, but she later dropped the negligent activity claim. Appellees moved for traditional summary judgment, which the trial court granted without specifying its reasons.

In three issues, Cooper challenges the summary judgment grounds asserted by HistoryMaker, but she does not challenge one of the summary judgment grounds as to Auburndale. We will affirm the summary judgment as to Auburndale on the basis that Cooper did not challenge one of the summary judgment grounds asserted by that

---

[1]Cooper's trial court filings stated that she broke her ankle, but her brief on appeal states that she broke her foot.

party. However, because Cooper's evidence raised a fact issue on the only ground for which HistoryMaker produced evidence to meet its summary judgment burden, we will reverse the summary judgment as to HistoryMaker.

**Background**

Appellees' traditional motion for summary judgment asserted that Auburndale did not own or have any connection with the property on the day of Cooper's injury. They further asserted that Cooper was a trespasser on the property at the time of her injury so Appellees did not owe her a duty to make the property safe or to warn her of any dangerous condition. Since she pleaded no right of recovery as a trespasser, they had no liability for her injury. Alternatively, even if Cooper was a licensee at the time of the accident, Appellees asserted that they did not owe her a duty unless she entered the premises with their consent, which she did not have. Thus, they had no liability.

Appellees' traditional motion also alleged that they had no actual knowledge of the alleged dangerous condition. *See Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 391 (Tex. 2016) (noting that for premises liability claim when the plaintiff is a licensee, the plaintiff must show that the defendant had actual knowledge of the dangerous condition and that the defendant failed to exercise ordinary care to protect the licensee). They ended that section of their motion by concluding, "no genuine issue of material fact exists that . . . [Appellees] had actual knowledge of the condition and failed to exercise ordinary care to protect Cooper by both failing to adequately warn

3

her of the condition and failed to make that condition reasonably safe." However, they did not attach or reference any evidence establishing that they did not know of the condition, had warned Cooper, or had made the condition safe.

Appellees attached to their motion the affidavit of Casey Jones, HistoryMaker's director of construction, as well as excerpts from his and Cooper's depositions. To support Appellees' summary judgment ground regarding Auburndale's lack of ownership or control, Jones stated in his affidavit that HistoryMaker bought the lot from Auburndale on April 22, 2020, and that Auburndale thereafter had no connection with the lot.

As for HistoryMaker, Jones stated in his affidavit that it would not have had any reason to access the water meter can until construction began; construction on the lot did not begin until April 28, 2021, which was after the date of Cooper's injury; and no employee or agent of HistoryMaker gave Cooper permission to enter the property. In Jones's deposition, he stated that cities install the water meters, HistoryMaker's subcontractor plumbers connect to them "at plumbing rough . . . when that entire area there is dug up," but other than that, "[w]e do not access [utility hole]s for residential construction. We have no use. We don't connect to them. We don't work on them. We don't maintain them."

In Cooper's deposition, she stated that the lot with the water meter can was "nice and green and pretty" on the day of the accident and had a trailer on it but no

4

sidewalk. She had no knowledge of who had last touched the lid for the water meter can.

Cooper filed an amended petition and a response to the summary judgment motion. In her amended petition, she alleged that she was a licensee on the property, that Appellees' employees had been using the utility hole, and that "[Appellees'] employees were in the middle of construction on the property . . . and maintained control of it."

Cooper's summary judgment response revealed the basis for her claim to licensee status: she alleged that the water meter can is in the public right-of-way of the City of Melissa. Her response further asserted that Appellees' actual knowledge of the condition could be inferred from surrounding circumstances. Cooper's response did not address the conveyance of the lot from Auburndale to HistoryMaker before the date of her injury and did not provide any evidence that, after the conveyance, Auburndale had control of the property.

To support her claim that the water meter can was in the city's right-of-way, Cooper attached depositions from a city employee and Casey Jones. The city employee testified that from the pictures he had been shown, the water meter can appeared to be located in the city's right-of-way. The city employee further testified that city employees close and lock a water meter can after they finish accessing it, and after that, the property owner turns the meter on and off unless the city is called out. The employee also stated that if a water meter can is opened by a private entity and

5

the city has no knowledge of it, "then it is up to the property owner to notify [the city], and we would go out and close the lid." Jones stated in his deposition that water meters are city property and located in the city right-of-way and that HistoryMaker's property "starts on the other side of the sidewalk."

Cooper also attached the subdivision plat to show the location of the water meter can in the right-of-way and city ordinances to show the width of the city's right-of-way. Cooper included the page of the plat that contained dedications by Auburndale. On that page, Auburndale dedicated "in fee simple and to the public use forever, the streets, roads, avenues, alleys, [and] public areas shown thereon," and it further stated that "[t]he streets, roads, avenues[,] and alleys are dedicated for street, road[,] and avenue purposes."

Cooper also attached evidence that she contended showed HistoryMaker's knowledge of the condition. Cooper stated in her unsworn declaration that in July 2021, she took photos of the property on which she had fallen and of other HistoryMaker lots in the subdivision with open water meter can lids. She attached some pictures to her response of other water meter cans in the subdivision with open or unlocked lids. Cooper stated that there were no warning signs or markings on the premises to alert her to the loose water meter can lid and that she did not see that the lid was unlocked. She also attached her daughter's unsworn declaration. In it, her daughter stated that she had seen open water meter lids on other HistoryMaker

6

projects and that she had seen HistoryMaker workers come and go right next to the water meter can on the property where her mother had fallen.

Cooper also attached excerpts from the deposition of the corporate representative of Wilson-McLain Plumbing, Inc., which had installed the water meter can. The representative testified that the company installed the can for the water meter in 2018 (i.e., before Auburndale sold the property to HistoryMaker); the company did the plumbing work for the lot during construction in 2021 (i.e., after the accident), and there was no reason to access the water meter before then; and although the company's contract for the work required it to close and lock water meter can lids, he had not spoken to the worker who installed the can and did not know whether it had been done in this case.

Appellees filed a reply in which they objected to some of Cooper's evidence. Addressing Cooper's right-of-way argument, Appellees asserted that if the water meter can was in a right-of-way owned or controlled by the city, then Cooper's claim would be proper only against the City of Melissa. They did not, however, amend their summary judgment motion to assert that as a ground, nor did they amend it to address Cooper's allegation that they maintained control over the area or to assert that Cooper had no permission to enter the public right-of-way.

The trial court granted Appellees' summary judgment motion without specifying the grounds. The trial court did not rule on Appellees' evidentiary objections.

7

## Standard of Review

A defendant that conclusively negates at least one essential element of a plaintiff's cause of action is entitled to traditional summary judgment on that claim. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010); *see* Tex. R. Civ. P. 166a(b), (c). We review a summary judgment de novo. *Travelers Ins. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). Further, when a party objects to the opposing party's summary judgment evidence, but the trial court does not rule on the objection, the complained-of evidence remains part of the summary judgment record and should be considered by the appellate court in reviewing the trial court's judgment. *FieldTurf USA, Inc. v. Pleasant Grove I.S.D.*, 642 S.W.3d 829, 837 (Tex. 2022).

## Discussion

### I. Summary Judgment for Auburndale

We begin by addressing the summary judgment as to Auburndale. Appellees moved for summary judgment on the ground that Auburndale had no interest in or control over the property after April 22, 2020, and they provided summary judgment

evidence on that point in the form of Jones's affidavit. *See Pay & Save, Inc. v. Canales*, 691 S.W.3d 499, 502 (Tex. 2024) (setting out elements of premises liability claim against premises owner); *HNMC, Inc. v. Chan*, 683 S.W.3d 373, 384 (Tex. 2024) (discussing rule that a person who does not own property on which condition exists may be liable for condition because the person assumed control over the property). Jones stated in his affidavit that he routinely works with Auburndale; that he is familiar with dealings between the two companies, including Auburndale's "acquisition and initial development of lots and subsequent selling of lots to [HistoryMaker]"; and that "[o]nce such transactions are complete, [Auburndale] has no further involvement whatsoever with a given lot." He further stated that HistoryMaker bought the subject lot on April 22, 2020 and that Auburndale thereafter "had no connection whatsoever with the lot."

Cooper did not challenge the evidence on this point in her summary judgment response, and her brief does not challenge the grant of summary judgment for Auburndale on this basis. Indeed, in her reply brief, she acknowledges that "the proper Defendant is [HistoryMaker]." Accordingly, we must affirm the trial court's summary judgment for Auburndale. *See Artuso v. Town of Trophy Club*, No. 02-20-00377-CV, 2021 WL 1919634, at *2 (Tex. App.—Fort Worth May 13, 2021, no pet.) (mem. op.) (noting that "when the trial court's judgment rests on more than one independent ground or defense, the aggrieved party must assign error to each ground,

9

or we will affirm the judgment on the uncomplained-of ground . . . regardless of the merits of the unchallenged ground" (citations omitted)).

## II. Summary Judgment for HistoryMaker

We next turn to whether summary judgment was proper on Appellees' remaining summary judgment grounds.

### A. Cooper's Licensee Status

In Cooper's first issue, she challenges Appellees' summary judgment ground asserting that she was a trespasser on the property and, thus, she was not owed a duty to warn her or to make the premises safe. Cooper argues, as she had in her summary judgment response, that she was a licensee on the part of the premises with the water meter because it was in the city's right-of-way.

The evidence in the record, at the least, raises a fact issue about whether the water meter was in what would be considered the parkway—the grass strip between the street curb and the sidewalk (or in this case, the area that would eventually become the sidewalk). *See Otto v. Bobo*, 287 S.W.2d 274, 277 (Tex. App.—Amarillo 1956, writ ref'd n.r.e.) (describing parkways as "usually that 'space between the sidewalk and the curbing, which frequently is ornamented with grass or flower pots, trees and shrubs, and used for the location of poles, fire hydrants, meter boxes, etc., in connection with public utility service'"). A parkway is generally considered part of the public right-of-way. *See State v. NICO-WF1, L.L.C.*, 384 S.W.3d 818, 821 (Tex. 2012) (noting that "[a] street dedication is setting land apart for public use as a passageway";

10

that a street "includes the whole width of the public right of way . . . includ[ing] sidewalks and parkways, which 'are a part of the street itself'"; that when a street dedication occurs, the governmental entity taking control of the street ordinarily acquires an easement "that it holds in trust for public benefit"; that the easement carries with it the right to use the street "as may be reasonably needed for street purposes"; and that those purposes include "transporting people and property" and "a passageway for utilities and other public purposes"); *see also City of Fort Worth v. Ryan Props., Inc.*, 284 S.W.2d 211, 213 (Tex. App.—Fort Worth 1955, no writ) (noting that "[t]he right of the public to the use of the street for the purpose of travel extends to the portion set apart and used for sidewalks, as well as to the way for travel, and in short to the entire width of the street upon which the land of the lot owner abuts" and that "[t]his use, of course, includes parkways between the traveled portion of the street and the lot lines"); *Jones v. City of Mineola*, 203 S.W.2d 1020, 1022 (Tex. App.—Texarkana 1947, writ ref'd).

In this case, Cooper presented evidence—the depositions of Jones and the city employee and copies of city ordinances—that the water meter was in the city's right-of-way. The evidence was sufficient to raise a fact issue on that question, and HistoryMaker presented no evidence showing as a matter of law that the water meter was not in the public right-of-way. Thus, HistoryMaker was not entitled to summary judgment on the basis that Cooper was a trespasser.

11

Also under this issue, Cooper argues that the right-of-way is an easement for the public benefit and that she was allowed to use the area where she was walking when injured. This argument addresses Appellees' summary judgment ground that, even if Cooper had been a licensee, she would need the landowner's permission to be on the premises, and she did not have it. *See City of Wichita Falls v. Ramos*, 596 S.W.2d 654, 656 (Tex. App.—Fort Worth 1980, writ ref'd n.r.e.) (considering liability of city in case where plaintiff was injured stepping into a water meter box in an unpaved part of city's street right-of-way and noting that "cities generally have a duty to exercise ordinary care in maintaining streets and sidewalks in a reasonably safe condition); *Ryan Props., Inc.*, 284 S.W.2d at 213.

Cooper presented sufficient evidence to at least raise a fact issue that the parkway was part of the street that had been dedicated for public use. HistoryMaker presented no evidence to the contrary, and as noted above, Appellees did not assert as a summary judgment ground that, if the parkway was in the public right-of-way, HistoryMaker had the right to restrict the public's passage through it.[2] HistoryMaker

---

[2]Appellees argued in their summary judgment reply that if the water meter is in the right-of-way, then the City of Melissa is the proper defendant, not Appellees. *See* Tex. Transp. Code Ann. § 311.001(a) (stating that "[a] home-rule municipality has exclusive control over and under the public highways, streets, and alleys of the municipality"); *but see City of El Paso v. Chacon*, 148 S.W.3d 417, 426 (Tex. App.—El Paso 2004, pet. denied) (considering city ordinance delegating to abutting landowner duty to maintain public right-of-way and assigning primary liability to landowner for damages resulting from failure to maintain). However, Appellees' motion did not assert as a summary judgment ground that they did not own or control the parkway.

was therefore not entitled to summary judgment on the basis that even as a licensee, Cooper needed HistoryMaker's permission to cross the parkway.

On appeal, Appellees argue that Cooper's summary judgment response asserted that she was entitled to use the sidewalk, but her evidence showed that she was walking in a grassy area, not the sidewalk. That argument takes Cooper's assertion out of context. Cooper did assert that she was entitled to use the sidewalk, but as part of her argument that the public right-of-way extended all the way from the street to the sidewalk, encompassing the parkway area where she injured herself.

Because Cooper's summary judgment evidence at least raised a fact issue about whether the water meter can was in the right-of-way for public use, HistoryMaker was not entitled to summary judgment on the basis that Cooper was a trespasser or that she needed HistoryMaker's permission to cross the parkway. We sustain Cooper's first issue.

**B. HistoryMaker's Actual Knowledge**

In Cooper's second issue, she challenges the grant of summary judgment on the basis that HistoryMarker had no actual knowledge of the condition.

---

We therefore may not affirm the summary judgment on that basis. *See State Farm Lloyds v. Page*, 315 S.W.3d 525, 532 (Tex. 2010).

HistoryMaker moved for traditional summary judgment on the basis that it had no actual knowledge of the condition,[3] and thus HistoryMaker had the burden to establish that it lacked actual knowledge of the condition. *See* Tex. R. Civ. P. 166a; *B.C. v. Steak N Shake Operations, Inc.*, 598 S.W.3d 256, 258–59 (Tex. 2020) (noting that for a traditional summary judgment, the movant bears the burden to conclusively establish that it is entitled to judgment as a matter of law). Cooper argues in her brief that "Appellees deny having actual knowledge of the dangerous condition" but that this denial "is not conclusive" because actual knowledge can be inferred from the summary judgment evidence. *See Sampson*, 500 S.W.3d at 394 (stating that circumstantial evidence can establish actual knowledge if the evidence "'either directly or by reasonable inference' support[s] that conclusion" (citation omitted)).

Although Cooper asserts that Appellees denied having the requisite knowledge, Appellees' motion did not actually deny actual knowledge. While Appellees submitted some evidence—Jones's affidavit and deposition—that HistoryMaker's employees

---

[3]HistoryMaker's summary judgment motion stated that there was "no evidence" of actual knowledge, but the motion was styled as a traditional motion, did not cite to Rule 166a(i), and did not reference the standards for no-evidence motions. We therefore construe HistoryMaker's actual-knowledge ground as a traditional one. *See* Tex. R. Civ. P. 166a(i); *Luna v. Garcia*, No. 02-23-00209-CV, 2023 WL 7400927, at *3 (Tex. App.—Fort Worth Nov. 9, 2023, pet. denied) (mem. op.); *see also Rodriguez v. H.E. Butt Grocery Co., L.P.*, No. 13-20-00467-CV, 2021 WL 4597106, at *2 n.4 (Tex. App.—Corpus Christi–Edinburg Oct. 7, 2021, no pet.) (mem. op.) (stating that when motion attached evidence, did not specify whether brought on traditional or no-evidence grounds, and did not cite to Rule 166a(i), motion would be construed as traditional motion).

and agents did not create the condition, Appellees put forth no summary judgment evidence about their lack of actual knowledge of the condition on the property at the time when Cooper was injured.[4] *See id.* (stating that while "evidence of who laid the cord is one factor in determining [the defendant's] actual knowledge" of dangerous condition created by cord, "the critical inquiry here is not who initially placed the cord," but whether the defendant had actual knowledge of the dangerous condition created by the cord's position as it existed at the time of the plaintiff's fall, "regardless of who laid it"). Accordingly, because HistoryMaker presented no evidence regarding its lack of actual knowledge of the condition, it was not entitled to summary judgment on that ground. *See* Tex. R. Civ. P. 166a(c); *B.C.*, 598 S.W.3d at 258–59. We sustain Cooper's second issue.

### C. Lack of Warning

Finally, in Cooper's third issue, she argues that she presented summary judgment evidence that Appellees did not warn her of the condition of the property and did not make it safe. She makes this argument to address the part of Appellees' summary judgment motion stating that "no genuine issue of material fact exists

[4]Cooper's summary judgment response included evidence that she alleged related to whether the condition was noticeable to her or to Appellees' employees and contractors. That evidence included her daughter's unsworn declaration stating that it can be difficult to tell when a lid is unlocked but that it was obvious to her and the deposition testimony of the plumbing company's representative that, from pictures shown to him of unlocked lids, "[i]t is noticeable," and "it's obvious that it's an issue." HistoryMaker did not move for summary judgment on the basis that the condition was open and obvious.

that . . . [Appellees] . . . failed to exercise ordinary care to protect Cooper by both failing to adequately warn her of the condition and fail[ing] to make that condition reasonably safe." Cooper argues that her evidence defeats Appellees' right to summary judgment on this ground.

As with their no-actual-knowledge argument, Appellees produced no summary judgment evidence that they had warned of the condition or had made it reasonably safe. *See* Tex. R. Civ. P. 166a(c). Thus, as movants on a traditional motion for summary judgment, they were not entitled to traditional summary judgment on this ground since it was their burden to negate. *See id.*; *B.C.*, 598 S.W.3d at 258–59.

Appellees also argue, without citing authority, that when the trial court granted summary judgment, the trial court impliedly sustained their objections to some of Cooper's evidence, including her declaration. *See* Tex. R. App. P. 38.1(i). They do not address the Texas Supreme Court's caselaw on implied evidentiary rulings in the summary judgment context, which provides that a ruling on evidentiary objections may be implied only when the implication is clear, and they do not explain how the trial court's grant of summary judgment clearly implies a ruling sustaining their objections. *See Seim v. Allstate Tex. Lloyds*, 551 S.W.3d 161, 166 (Tex. 2018). Accordingly, this argument is inadequately briefed. Further, regardless of Cooper's evidence, Appellees failed to produce any evidence to meet their summary judgment burden on this ground. We sustain Cooper's third issue.

16

## Conclusion

Having sustained Cooper's three issues, we reverse the summary judgment as to HistoryMaker. However, because Appellees presented summary judgment evidence establishing that Auburndale did not own or control the premises at the time of Cooper's accident, and Cooper did not challenge the summary judgment for Auburndale on that ground, we affirm the summary judgment as to Auburndale.

/s/ Mike Wallach
Mike Wallach
Justice

Delivered:  October 10, 2024